*Dulany*, for the Appellant.

*J. Tilghman*, for the Appellee.

———❦———

## SEPTEMBER TERM, 1765.

### WEST *vs.* STIGAR.

ACTION of *assumpsit*, brought to April term 1764; and at the present term, stated to be held on the 10th of September 1765, at the request and with the consent of the parties, the cause was referred to Colonel *William Fitzhugh* and *Bryan Philpot*, and if they disagreed, they to choose a third person, and return their award; "and *judgment* to be rendered according to such award, "and be final between the said parties, according to the "form of the statute," &c. An award was returned, dated the 26th of September 1765, signed by the above mentioned arbitrators, together with *Charles Digges*. The award stated, that the said W. F. and B. P. being appointed, &c. to settle and determine the matter in dispute between the said parties, and *being desirous to have the assistance of a third person*, did accordingly call upon C. D. and having duly considered, &c. " do award, that the defendant pay unto the plaintiff the sum of 215*l*. 17*s*. 6*d*. current money, to be released on payment of 215*l*. 17*s*. 6*d*. Pennsylvania currency, with costs of suit," &c.

Upon which award, the court rendered judgment that the plaintiff recover against the defendant, " as well the sum of 215*l*. 17*s*. 6*d*. current money his damages, by the arbitrators aforesaid in form aforesaid assessed, as also the sum of." &c. for his costs, &c.

The defendant brought a writ of error to the court of appeals. And at October term 1767, the case was argued in that court.

*Chase* and *Paca*, for *Stigar*, the Plaintiff in error, contended——

1. That the judgment was against law and contraven-
ed the right of the subject.

That there were submissions by rules of court before
the statute of 9 and 10 *William III.* under which the
submission in the present case was made; and that at-
tachments were always the process to enforce a perfor-
mance as in other cases of a breach of a rule. To prove
which, law cases need not be cited, as the preamble to
the statute of 9 and 10 *William III.* has set it forth.

To prove how cautious courts were in granting at-
tachments, cited 12 *Mod.* 257, 234. 1 *Sra.* 695. 1 *Salk.*
71.

That there was no instance of a judgment being en-
tered on an award, except where there was the security
of a verdict—*Salk.* 84. That an award cannot be the
foundation of a judgment.—1 *Inst.* 39. *Co. Lit.* 39. 1
*Stra.* 395.

The method is by rule of court; and not one instance of
a judgment entered merely on the foundation of an
award, is the strongest proof that it was deemed imprac-
ticable. The statute of *William* takes the method before
used at law; it recites *person* liable to *imprisonment.* It
would have recited *estate* liable, had judgments ever
been entered.

As usage is a good interpreter of laws, so non usage,
where there is no example, is a great intendment that
the law will not bear it.—*Co. Lit. s.* 108, 110, *b.* 115, *b.*
That rule is applicable to this case; for the rule of court
was introduced to avoid vexatious and dilatory proceed-
ings on bonds and awards. So certainly would the
practice have obtained to enter judgments, if consistent
with the office and duty of judges. The reason why such
judgments have never been entered may be sufficiently
inferred from non user.

The appointment and commission of a judge is ex-
clusively personal. His duty or office cannot be per-
formed by a substitute.—*Bac. Ab.* 739. 1 *Roll. Ab.* 281.
*Bro. Ab. tit. Jud pl.* 11. And which would be the case if
a judgment is necessarily consequential on an award.
Admit the rule in the nature of a judgment—if the conse-
quences are not carried too far, they are so far the same
nature, that they are *both* obligatory as authoritative ju-
dicial acts, and as there is a power to compel their ob-
servance; but they essentially vary in the qualities and
extent of their operation.

Judgment once given, cannot in another term for er-
ror in law, be altered by the judges who gave it.—*Co.
Litt.* 260, *a.* 3 *Lev.* 430. There is a material difference
between judgments and rules; the process relative to
each differs with the qualities of each.

It appears by the record, that the reference, or submission, was in pursuance of the statute; and it is questionable, whether the rule is supported by any construction of the statute. By the statute, the party refusing, &c. shall be subject to all the penalties of a contemning a rule of the court wherein he is a suitor; and the court, on *motion*, shall issue process *accordingly*. The party has to the last day of the next term after arbitration, &c. to complain of corruption or undue practice. Nothing is plainer than that by the statute an award is to be enforced by process of contempt only, and that too on *motion*. Not requisite for an execution on a judgment. *Pre. Ch.* 223. 2 *Vern.* 444.

2dly. That if the judgment could consistently with the statute be entered on the foundation of the award, yet certainly not *till the last day of the term after the award*. The party has time by the statute, until the last day of the term after the award, to object to it. The result is, after the term in which judgment has been entered, it cannot be set aside by the judges who gave it, whatever might be the corruption or undue practice of the arbitrators. By the record the judgment was entered at the same term to which the award was returned; and *Stigar* has been deprived of the advantage expressly given him by the statute. The judgment is not agreeably to the statute, nor supported by it. A defendant entitled to an imparlance, is denied it by the court, this is error—3 *Salk.* 186. *Lord Ray.* 285. *Comb.* 13.

3dly. Supposing that a judgment might be given upon the award, and that too without waiting to the last day of the next term, yet a judgment ought not to be given *before the award*. It appears by the record that judgment was rendered on the 10th of September, that being September term 1765. The award is dated on the 26th of September 1765. The record is to be taken *pro veritate;* nothing contrary to it can be alleged. The award of the 26th of September, can be no foundation for a judgment of the 10th. Then the judgment must be taken to have been given on the declaration and plea, but these afford no foundation for its support. Suppose you reject the date of the award for the intendment that the award was *subsequent* to the submission, and *prior* to the judgment; then the case will be, *submission* on the 10th, *award* on the 10th, and *judgment* on the 10th. Can such a snapping judgment be agreeably to the statute, which gives time for objection?

4thly. The judgment is variant from the award. Cited *Yelv.* 107. *Cro. Eliz.* 497. *Yelv.* 45. *Vin. tit. Judgment* 591, *pl.* 3.

5thly. That the award is variant from the submission.

The arbitrators have not stated that they differed in opinion, but say they were desirous to have the assistance of a third person. Cited 1 *Salk.* 70. 12 *Mod.* 20. *Vin. tit. Arbitration,* 97. 12 *Mod.* 512. 1 *Bulst.* 184. 1 *Cha. Ca.* 186, 786. *Finch* 141. 1 *Cha. Rep.* 195. *Freem.* 154.

*Sept.* 1765.

West
vs.
Stigar.

*Hall* and *Johnson,* for *West,* the defendant in error, contended, that the judgment is supported by the consent and agreement of the parties; and that the statute does not take in this action, it only takes in actions on bonds, &c. 1 *Stra.* 301—That no right is contravened by an agreement, that the court should give judgment on an award when returned. That it has been the constant and uniform practice—1 *Salk.* 269. 1 *Cro.* 502. *Carth.* 283, 4. 3 *Cro.* 527. 2 *Co. Lane's case. Salk.* 83. 1 *Salk.* 73. *Barnes' notes,* 54, 5.

To the 2d *point* that the judgment could not be entered till after the last day of the next term, cited in answer, 1 *Stra.* 301. That it does not appear when September term ended; and that it was the constant practice to enter up judgments on awards as of the court of reference. Cited 1 *P. Wms.* 399, 223. 2 *P. Wms.* 2, 259. *Hob.* 83. *Felv.* 126. 1 *Roll. Rep.* 223. *Carth.* 284. 1 *Show.* 124. *Faresly* 93.

To the 3d *point,* cited 3 *Keb.* 844 *pl.* 9. 12 *Mod.* 493. *Salk.* 403. 2 *Stra.* 823. 1 *Lord Raym.* 695. 2 *Stra.* 808, 934.

To the 4th *point,* cited 2 *Stra.* 1025, 735. 12 *Mod.* 234, 257. *Bac. Ab. tit. Arbitration,* 144.

OPINION of *Daniel Dulany,* Esquire, given in this case, see 1 *Harr. & M'Hen. Rep.* 248, and ending in page 253 at the bottom.

THE COURT OF APPEALS *reversed* the judgment of the Provincial Court.

It is stated in 1 *Harr. & M'Hen. Rep.* 247, that at *October* term 1767, a *motion* was made in the provincial court, (after the reversal of the judgment in the court of appeals,) on the part of *West,* for an attachment of contempt against the defendant for not performing the award; but the records of the provincial court do not shew that such motion was made. That it was in contemplation, if it was not made, appears by the notes of counsel, and also by an opinion given upon the subject by *Daniel Dulany,* Esquire, as stated in 1 *Harr. & M'Hen.* commencing at the bottom of page 253. The following questions, in addition to those stated in 1 *Harr. & M'Hen.* 247, appear to have been submitted to counsel.

West
vs.
Stigar.

1st. Whether the provincial court can now issue an attachment of contempt against *Stigar* for non-performance of the award, as the last day of the term after the award, is long since expired, as till *then Stigar* had time by the statute to make his objection to the award, as the cause is there discontinued in fact, and as a time has also run beyond the limitation in the act of assembly of 1721, *ch.* 14?

2d. Whether supposing it *now* regular to issue an attachment can it issue till an affidavit of a tender of a release to *Stigar* agreeably to 12 *Mod.* 234?

3d. Whether *Stigar* can be said to have committed a contempt of the court, as there is no rule of court, "that the parties shall submit to, and be finally conclud-"ed by the arbitration made pursuant to such submis-"sion," agreeably to the statute of 9 *and* 10 *William III.* but only *that the judgment be final between them?*

4th. Whether an attachment can issue for the non-performance of the award, as it does not pursue the submission? The submission was to W. F. and B. P. and if *they disagreed* to a third person; the award itself proves *no disagreement*, it recites, that "being desirous to have the assistance of a third person," &c.

5th. Whether the award be not bad for this reason—there must have been disagreement or not; if a disagreement, the power of the arbitrators ceased, and the *umpire only* could act; if no disagreement, then C. D. the umpire had no power to act, and the award should have been by the arbitrators only.

6th. If *West* had an election to proceed upon the judgment, or by way of attachment on the award, whether his accepting of the judgment, and electing that method, does not bar him of his attachment on the award?

7th. If the provincial court should grant the motion, and order an attachment of contempt, has *Stigar* no remedy, or can he remove such order to the court of appeals by way of appeal, writ of error, *certiorari*, &c?

It appears that a new suit, upon the same cause of action, was brought to May term 1768. the writ in which case issued on the 21st of October 1767, the day after the meeting of the provincial court and court of appeals, at their October term 1767, and that a jury was sworn therein at April term 1770, but afterwards a juror was withdrawn, and the case compromised.