1823.

Heuitt
vs
The State.

a mistake in point of law

The sheriff's bond is an annual bond, and the sureties of each year are responsible for the neglects, defaults, acts and receipts, of their principal, during the time only between giving the bond passed by them, and the execution of the next year's bond

If a question of law is decided by an arbitrator selected by the parties, for the purpose of finally settling such a question between them, they are bound by the award. *Semble.*

Under a general submission to arbitrators their award may be impeached for an error in law

other pleadings but the declaration, to *Henry Trapnall,* who awarded that the defendants, (the appellants,) pay to the plaintiff, (the appellee,) $330 04 and at the foot of his award the arbitrator refers to a statement annexed, which statement shows, that to September term 1815 of *Baltimore* county court, three writs of *fieri facias* were levied on the property of *Brown,* the defendant in the said writs, (being the person at whose instance and for whose use this action was brought), leaving in the hands of the sheriff, after payment of the debts and costs for which the writs of *fieri facias* issued, $56 41 due to *Brown.* At March term 1816, one other writ of *fieri facias* was levied on the property of *Brown,* which was sold to the amount of $500, leaving a balance, after payment of the debt and costs, $158 16, for which the *fieri facias* issued, together with the above sum of $56 41 as due to *Brown,* of $398 25. From this sum $68 21 was deducted, being the amount of a judgment against *Brown,* as garnishee of *Chalmers,* leaving the sum of $330 04 due, being the sum above awarded. The defendants objected to a judgment being entered on the award "because a sum of money has been awarded to be paid to the plaintiff by the defendants, which they were not bound to pay, the bond which they had entered into not being then in force, to wit, the sum of $500, received for property sold on a *fieri facias,* returnable to March term 1816, at the suit of," &c. The county court gave judgment for the debt in the declaration, and costs; to be released on payment of $330 04, by the arbitrator awarded, with interest, &c. From this judgment the defendants appealed to this court.

The cause was argued before BUCHANAN, EARLE, and MARTIN, J.

*Heath,* for the Appellant, contended, 1. That a mistake in law was good cause to set aside an award. 2. That the award included monies which were received by the sheriff upon a *fieri facias* issued after the expiration of the year in which the bond was given. He cited *Chace vs. Westmore,* 13 *East,* 357. *Aubert vs. Maze,* 2 *Bos. & Pull.* 371. *Delver vs. Barnes,* 1 *Taunt.* 48. *Wohlenberg vs. Lageman,* 6 *Taunt.* 254 and *Price vs. Hollis,* 1 *Maule & Selw.* 105.

No counsel argued for the appellee.

1823.

Hewitt
vs
The State

The opinion of the court was delivered by

EARLE, J. To the award returned to the court in this cause by the arbitrator, he has annexed a paper, containing a statement of the sum awarded to be paid by the appellants to the appellee, and the account on which the same in his judgment is chargeable to them. This paper is to be considered a part of the award; and as it discloses the ground taken by the arbitrator, in forming his opinion of the subject, the case is open to the inquiry; whether he committed a mistake in point of law, in the decision he made between the parties? The case submitted to arbitration, is a joint suit against the appellants, as securities in a sheriff's bond, executed on the 8th of December 1814; and the sum for which they are rendered liable by the award of the arbitrator, was received by the sheriff for property sold under a *fieri facias*, returned to March term, 1816, of *Baltimore* county court. It is plain, then, that the arbitrator undertook to determine on the liability in law of the appellants for the money thus received by the sheriff; and, that he has in this committed an error, the court cannot entertain a doubt. The sheriff's bond is an annual bond, and the securities of each year are responsible for the neglects, defaults, acts and receipts, of their principal, during the time only between giving the bond passed by them, and the execution of the next year's bond by the sheriff. From the date of the process referred to, the sheriff must have remained in office in the year 1816, which he could not have done, without executing a further sheriff's bond in the fall of 1815. The securities in this last bond are liable for the money received under the *fieri facias*, if any persons are liable for it, and not the appellants, who were securities in the bond executed in December 1814. The law question thus disposed of by the arbitrator, he intended to decide according to law, but as he was not informed, and decided erroneously, his determination is not agreeable to his own wishes, and his award ought to have been set aside on the motion made to the court below for that purpose.

It is to be observed, that this is not a distinct question of law, decided by an arbitrator selected by the parties, for the purpose of finally settling a law point between them. When such a case occurs, it will perhaps be the court's opinion that they are bound to abide by the award,

1823.

M'Math
vs.
The State

be it right or wrong. *Price vs. Hollis,* 1 *Maule & Selw.* 107. The parties here, referred to the arbitrator all matters in variance between them, including questions of right and fact, without the slightest intimation from any quarter, that the accountability of the appellants, for the receipts of the sheriff in the year 1816, was to be considered and decided on by him. In a case of general submission like this, the authorities are clear that an award founded on a mistake in law of the arbitrator is for this reason impeachable. *Kent vs. Elstob,* 3 *East,* 18. *Young vs. Walter,* 9 *Ves.* 364. We therefore disapprove of the judgment of *Baltimore* county court, and determine that it be reversed.

JUDGMENT REVERSED.