Bland, Chancellor,
This case standing ready for hearing, and the solicitors of the parties having been fully heard, the proceedings were read and considered.
It is quite obvious, that the acts of Assembly which allow cases to be referred to arbitrators relate only to actions depending in a court of common law ;(a) and whether the English statute relative to the determining of differences by arbitration ever was in force here does not appear to have been clearly ascertained.(b) But even if that statute were to be taken as a part of our law, it is yet doubtful whether it could be executed in cases to which it was *517 intended to apply, according to the equitable jurisdiction of the Court of Chancery or not.(c) Apart however from that doubt, it is clear, that awards made on references in cases depending are not awards to which that statute relates, (d) Whence it is evident, that an award made on a reference in a-suit in equity has not been regulated by any.legislative enactment whatever; yet it has at all times been held by the courts of common law and equity in England, to be within the regular scope of their powers to pass an order, with the consent of the parties to any suit then depending, referring the matter in controversy to arbitration; and to enforce the award.(e)
The reference of cases depending in this court to arbitration, and the passing of decrees upon awards was common before the revolution, (f) and has continued to be the practice ever since. Whether there has been any well established and regular course of proceeding, in relation to such references, does not distinctly appear; but, it ¡ seems, that if the award be in any respect exceptionable, it may,; on motion, and on the fact being sufficiently shewn, be set aside.(g) It is presumed, that this court would set aside an award returned to it, upon any ground allowed to be taken against an award in a court of common law; or upon -any other ground, on which a bill might be filed between the same parties to have an award vacated, (h) But if no objection be made against an award, then, according to a long standing rule and practice, either party may apply for and have a decree passed in conformity to its terms.(i)
Upon the general principles by which this court is governed, and by analogy to the express provisions of the acts of Assembly regulating similar references in actions at common law, a party cannot be permitted to withdraw from or to revoke a reference made by an order of this court, with the consent of parties, without the sanction and order of this court itself allowing it to be done, (j) *518 In this case there has been no such regular and solemn revocation. The award returned appearing to be sufficiently fair and unambiguous upon its face to afford a proper foundation for a decree ;(k) and the affidavits read in evidence being entirely too loose and contradictory to sustain the allegation of malpractice in the arbitrators ; the caveat must therefore be overruled and the award confirmed.
Whereupon it is decreed, conformably to the said award, that the property in the proceedings mentioned situate in Pratt-street in the city of Baltimore be held as the property of William Shipley jun’r. and Isaac Phillips jun’r. and their legal representatives and assigns, as tenants in common; and it is further ordered, that the property in the bill mentioned situate in Saratoga-street in the city of Baltimore be held by the said William Shipley jun’r, Isaac Phillips jun’r. and Richard A. Shipley, their legal representatives and assigns, as tenants in common; and it is further ordered, that the property on Franklin-street in the bill mentioned be held as the sole and exclusive property of the said Richard A. Shipley, his legal representatives and assigns. And it is further ordered, that the said plaintiffs William Shipley jun’r. and Isaac Phillips jun’r. pay unto the said defendant Richard A. Shipley the sum of three hundred and fifty-five dollars and eighty-nine cents, with legal interest thereon from the 31st day of May last until paid. And it is further ordered, that each party pay his own costs to be taxed by the register; but the costs of the award, as estimated by the arbitrators and endorsed on the back of the award, are hereby rejected as forming no part thereof.

 October 1778, ch. 21, s. 8 & 9; 1785, ch. 80, s. 11.

 Kilty Rep. 9 & 10, Will. 3, c. 15; West v. Stigar, 1 H. & McH. 247, & 4 H. & McH. 490.

 2 Mad. Chan. 712.

 Lucas v. Wilson, 2 Burr. 701; Lansdale v. Littledale, 2 Ves. jun. 453.

 Lucas v. Wilson, 2 Burr. 701; Dick v. Milligan, 2 Ves. jun. 24, 2 Fow. Exch. Pra. 350.

 Waring v. Mullan, 1771; Chan. Pro. lib. W. K. No. 1, fol. 6, 28, 48, &c.

 Nevan v. Pinkney, 1787, Chan. Pro. lib. S. H. H. letter B. fol. 6.

 Goldsmith v. Tilly, 1 H. & J. 361; Harris v. Dorsey, 1 H. & J. 416; Cromwell v. Owings, 6 H. & J. 10; Heuitt v. The State, 6 H. & J. 95.

 Brawner v. Gordon, 17th March 1789, Chan. Pro. lib. S. H. H. let. B. fol. 597; Hardy v. Howard, MS. 16th July, 1794.

 Crawshay v. Collins, 1 Swan. 41; Harcourt v. Ramsbottom, 1 Jac. & Walk. 491.

 Tillard v. Fisher, 3 H. & McH. 118.