THE PEOPLE, FOR THE USE OF FRANK WHIPPLE *vs.* WILLIAM H. DUMPLEY, LATE SHERIFF, AND DANIEL H. COLE, ANDREW S WELCH AND ALBERT STALEY, HIS SURETIES.

A Sheriff and his sureties in a suit upon his official bond, cannot object to any irregularity short of a jurisdictional defect in the judgment upon which the execution was issued, for the non-return of which a breach in the bond is assigned.

The failure of the Sheriff to give a new annual bond, as required by the statute, will not release his sureties from liability on account of process placed in his hands for execution before such renewal is required.

Some proceeding is necessary to declare his office vacant in case he fails to give such new bond, and he and his sureties cannot avail themselves of the supposed vacancy as a defence to the action on the bond, without special plea, or special notice of the neglect as a defence

*St. Clair Circuit, August,* 1871.

This suit was commenced by declaration on a Sheriff's bond, under the statute, stating the giving of the bond, December 24th, 1866, in pursuance of the statute for Sheriff's bonds.—That Dumpley entered upon the duties of the office of Sheriff, having given and filed this, his official bond. That at the November term, 1867, of the St. Clair Circuit Court, Frank Whip-

ple, by due course of law, obtained judgment against one Joel B. Wharton, for $436 46, damages and costs.

That an execution upon the judgment was sued out and placed in the hands of the Sheriff, November 30th, 1867, returnable on the first Tuesday of February, 1868. That the same was properly endorsed, &c. That the Sheriff on the same day November 30th, 1867, seized and took into his possession under said execution certain lands described therein, of more value than the amount of judgment, and endorsed the levy upon the execution. Yet said Sheriff did not return the moneys as commanded in said writ, and has not at any time returned the writ nor paid over the moneys, &c., by reason whereof, &c.

The defendant plead the general issue, and gave notice that if the writ was received at all by Dumpley, it was legally and properly executed, the lands sold and certificate of sale given and properly executed and filed, and the writ duly returned.

The attorney appears for all the defendants.

### FACTS FOUND.

The defendant, Dumpley, was, at the election in 1866, elected Sheriff of St. Clair County. On the 24th of December, 1866, he, as principal, and the other defendants as sureties, made and executed the bond declared upon, and filed the same after due approval, in the County Treasurer's office of St. Clair Co., a copy whereof hereto attached is made part and parcel of this finding of facts.

On the 1st day of January, 1867, Dumpley entered into and commenced the duties of the office of Sheriff, filing no other bond than the one declared on.

July 31st, 1867, Frank Whipple commenced a suit by attachment, returnable the first Tuesday of September, 1867, against Joel B. Wheaton, in the Circuit Court for the county of St. Clair, under which the lands mentioned in the declaration were attached. The return shows the attachment of the lands and that the defendant was not personally served. November 1st, 1867, affidavit of publication of notice with the notice filed.— Declaration filed the same day, and appearance and default of defendant entered November 25th. After four days in term the default was made absolute, and judgment was rendered in

that suit November 26th, 1867, for $409 31, damages, and $27 15, costs of suit, amounting in all to $436 46.

The affidavit, writ, notice and proof of publication, entry of default, and other proceedings in said cause, on file and of record, are made part of this, my finding.

On the 30th of November, 1867, the Clerk, at the request of the attorney for the plaintiff in that suit, issued an execution upon said judgment, directed to the Sheriff of St. Clair County, and the same was that day delivered to the defendant, Dumpley, he then being such Sheriff, with directions endorsed thereon to levy upon the land described in the attachment, and other usual endorsements. The Sheriff did not return the execution, and on the 12th day of March, 1869, over a year after the return day of the execution, the plaintiff's attorney entered a rule in the common rule book, requiring the Sheriff to return the execution, and served a copy with a notice of its entry upon said Sheriff.

The execution has never been returned nor accounted for, though the Sheriff was repeatedly requested to return it.

The Sheriff, Dumpley, levied the execution upon the lands described and attached.

After making the levy, the Sheriff during the life of the execution, advertised the lands for sale, and on the day mentioned in the notice, February 1st, 1868, they were bid off by, and struck off to the plaintiff, Frank Whipple, for the amount then due on the execution, with costs of sale, &c. The Sheriff gave Whipple no certificate of the sale or purchase, and though often requested, never has given him such certificate, and never filed any certificate of such sale with or in the office of the Register of Deeds of St. Clair County, nor returned said execution.

June 5th, 1866, and prior to the issuing of the attachment, Wheaton, the defendant in the attachment suit, made a general assignment of his property to Hiram M. Derpre, this land being included in the schedule for the benefit of certain preferred creditors, he having on the 4th of, June, 1866, given a quit-claim deed of the land to Derpre, to be held in trust to pay certain debts. Whipple is not named in the assignment, schedule or deed, as one of the creditors. The assignment and deed af-

ter naming preferred creditors, directs balance, if any, to others not named. But the assignment after mentioning certain preferred creditors, provides for the payment of all other debts.

Whipple at the time held Wheaton's note for $500, on which $100 had been paid, and the balance with interest was then actually due and owing to him from Wheaton. Wheaton with the exception of the assigned property was worthless and bankrupt.

The Sheriff did not renew his bond within twenty days from the first Monday of January, 1868, nor at any other time.

*By the Court*, MITCHELL, J.—The first material question raised is whether Dumpley ceased to be Sheriff after the 20th of January, by his having failed to renew his bond required by law.

Section 5, of Article 10, of the Constitution, provides that the Sheriff "May be required by law to renew his security from time to time, and, in default of giving such security, his office shall be deemed vacant."

Section 415, p. 207 of *Compiled Laws*, requires the Sheriff within twenty days after the first Monday in January, in each year subsequent to each election, to renew the security required to be given before entering on the duties of his office, which shall be for the same amount, approved, &c., as in the first instance.

It is claimed by the defence that if his office, after the expiration of the prescribed time, without renewing his security, as required by law, is by the Constitution deemed vacant, then his sureties cannot be held under his first bond liable for any act or omission after that time, and that the omission to give a new bond is not assigned as a breach.

"Where a Sheriff's bond is an annual one the sureties therein are liable for his defaults only during the time between the execution of the bond by them and the execution of the next year's bond." *Hewitt vs. State*, 6 *Har. & J.* 95.

But here no new bond was given. He continued to act and to execute process already in his hands, though his office might have been deemed vacant by the strict letter of the law. Was he not authorized and required to carry out the execution of process already in his hands, the execution of which had been

already commenced, and would not his sureties be liable for any default or neglect in its execution until a new bond? That is, does not the bond extend to all acts commenced while that bond is strictly in force, though the particular omission complained of occur afterwards, unless a new bond has been given in the meantime? It occurs to me that the bond extended to all acts and omissions while he assumed to act as Sheriff, without renewing his bond or surety, and I so hold the law to be, and that his office was not necessarily vacant unless some steps were taken to declare it vacant.

The main condition of the bond is, that he shall well and faithfully in all things perform and execute the office of Sheriff during his continuance in office by virtue of said election. He was elected for the term of two years. Some proceedings would be necessary to declare his office vacant so as to release his sureties. But even if the office did become vacant, can the defendants avail themselves of the fact except by special·notice equivalent to a plea setting up the fact in avoidance of liability? "In an action against a Sheriff and his sureties, on his bond, the surety cannot object except by plea that the bond declared upon has been suspended by a subsequent one." *Hill vs. Fitzpatrick*, 6 *Alabama*, 314. Such a plea or notice would be as essential in a case where a party seeks to be released because no new bond has been given. It is clearly special matter of defence if it is any defence.

The next proposition is, can the Sheriff or his surety avail themselves of any irregularity in the judgment not amounting to a jurisdictional defect? I find as matter of law that they cannot.

"A Sheriff against whom a recovery is sought for the failure to return an execution, cannot be allowed to object that the execution is irregular." *McKan vs. Colclough*, 2 *Ala.*, 74; *Bondwrant vs. Woods*, 1 *Id*, 543.

"In a suit against a Sheriff and his surety for neglect to pay over the proceeds of sale of land for taxes, they cannot object to the sufficiency of the judgment or execution under which he made the sale and received the proceeds," &c. *People vs. McHatton*, 2 *Gillman*, 731.

" A Sheriff cannot question the regularity of an execution, and he is not liable for enforcing an irregular execution." *Ford vs. Treamen,* 1 *N. & M.,* 234.

" In an action against the Sheriff for neglect or misconduct in the service of an execution he is not permitted to impeach the creditor's judgment except on the ground that it was obtained by fraud." *Adams vs. Balch,* 5 *Greenleaf,* 1885; "and even if he can for fraud he should show that he represents a creditor of the judgment debtor." *Clark vs. Foxcraft,* 6 *Greenleaf,* 2961.

It is claimed that the property sold was not the property of the defendant, and therefore the plaintiff has lost nothing.

This is hardly a proper case in which to try the title to that property. Questions of fraud and other questions affecting the legality of the transfer might arise, while the real parties in interest would not be before the Court. The plaintiff had a right to buy whatever title the judgment debtor had, and whether it should turn out good or bad was of no importance to the Sheriff. The plaintiff was entitled to the full execution and return of the process to enable him to take whatever steps might have been necessary to perfect his title. Without the return of the execution and certificate of sale he is deprived of this right, and the Sheriff and his sureties are bound to make the plaintiff whole for all the loss he may have sustained. I think the true measure of damage would be within the full value of the land, or the amount of the judgment, if the land was sold for that amount. I find it to have been sold for that amount.

I therefore find that the said William H. Dumpley, Sheriff, &c., did committ the breach of the bond assigned, and did not make return of the execution, &c. I assess the plaintiff's damages by reason thereof, at the sum of $439 46, with interest for three years and ten months, $116 54; total damages, $553 00.

Let judgment be entered accordingly.