## GENERAL COURT, OCTOBER TERM, 1802.

### Goldsmith's Adm'r. *vs.* Tilly.

DEBT on a deputy collector's bond. This cause was at a prior term referred in the usual manner to two arbitrators, with authority, if they differed, to call in a third person. The arbitrators did differ, and in pursuance of the terms of the reference chose a third person. The umpire, and one of the original arbitrators, with whom he agreed, returned an award, in which they stated that due notice had been given to the parties of the time and place of meeting of the arbitrators; and that differing in opinion, they chose an umpire, who, in conjunction with them, after having first considered the evidence adduced by the parties, who were present, and agreeing in opinion respecting the same, the umpire and one of the arbitrators, awarded that judgment be entered for the plaintiff against the defendant for the penalty of the bond on which the action was brought, and costs; to be released on the payment of a certain sum of money with interest thereon, &c. and costs.

*Every ground of relief in equity against an award is equally open at law, on motion, in a summary way. Misbehaviour of the arbitrators; or legal objections or a palpable mistake in law or fact, apparent on the face of an award, are the only grounds for setting it aside The merits of an award cannot be inquired into*

The defendant, by his counsel, entered a *caveat* on the award, and assigned the following reasons:

1. Because the umpire, or third person called in, did not examine the whole matter in dispute; but formed his opinion from a partial consideration of the subject.

2. Because the defendant had no notice of the meeting of the two persons who have signed the award.

Oct. 1802

Goldsmith
vs
Tilly.

3. Because the arbitrators acted against law and justice in allowing to the plaintiff against the defendant, a sum of money, illegally directed to be levied by the levy court of *Anne Arundel* county.

4. Because they awarded a sum of money to the plaintiff against the defendant for the non collection of an illegal assessment.

5. Because there evidently appeared nothing due from the defendant to the plaintiff, unless on account of the illegal assessment directed to be levied by the levy court aforesaid.

*Johnson,* for the defendant, contended that the umpire should have investigated the whole subject matter, and that he could not proceed on the report of the two arbitrators as to what was the evidence in the case. That he could not award partially. *Kyd* on *Awards,* 63. *Tillard vs. Fisher,* (3 *Harr. & M'Hen.* 118.) That notice ought to have been given to the parties by the umpire, for in the case of *Selby vs. Gibson* in this court(*a*), the award was set aside on

An award set aside and the cause reinstated, where the original arbitrators, after reducing the evidence to writing, disregard and chose a third person, to whom the evidence, so reduced to writing, was delivered, and the award made; and it not appearing that the party, against whom the award was made, had notice of the time of meeting of the new arbitrator, nor was he present.

(*a*) SELBY *vs.* GIBSON, in the General Court at May term, 1801. It was an action of trespass, which by consent of the parties was referred to *John Callahan* and *Nicholas Harwood,* Esquires, with power, in case of disagreement, to choose a third person, &c. in the usual manner. At May term 1800, an award was returned and signed by *Nicholas Harwood* and *James Disney,* in the following words: "In pursuance of the above order of reference, we hereby certify to the judges of the general court, that after hearing and examining the evidences of both plaintiff and defendant in the above cause, and the parties being present, the said *John Callahan* and *Nicholas Harwood* could not agree, but differed in opinion; and in virtue of the power vested in them by the order, they chose the subscriber, *James Disney,* as a third person. We *Nicholas Harwood* and *James Disney,* after examining the evidence aforesaid, in the presence of Mr. *Callahan* one of the original referrees, and fully considering all circumstances in the case, do award that the defendant *John Gibson,* pay to the plaintiff, *Joseph Selby,* the sum of fifty pounds current money, the damages by us awarded in the said action of trespass, and the costs of suit. Given under our hands and seals this 10th of June 1800 "

A caveat was entered by the defendant against the award, and the following reasons were assigned why judgment should not be entered thereon:

1. Because *James Disney,* the third person said to be chosen by the original arbitrators, never heard any evidence adduced by either party, and joined in the said award without any testimony.

2. Because after the appointment of the said *James Disney,* he, together with the other arbitrators, or one of them, met without giving any notice to the defendant of the time of meeting, by

this ground. It is true that *Gibson*, the defendant in that case, was not present; but there was no notice of the appointment of the umpire, nor of the meeting of the arbitrators and the umpire. The arbitrators here awarded upon the subject of an assessment illegally imposed by the levy court; for the plaintiff, as one of the sureties of the collector, his intestate, was released from paying the very money which he now claims of the defendant, because that assessment was illegal, (*Quynn vs. The State, ante* 36;) and if the arbitrators had not taken into consideration that assessment, they could not have awarded in favour of the plaintiff.

*Martin* (Attorney General,) and *Shaaff*, for the plaintiff. In the case in *Kyd* 63, the umpire *alone* was to award; but in the present case the arbitrators, if they differed, were empowered to choose a third *arbitrator*, agreeably to the established usage of the courts in this state, and the arbitrator so appointed, and one of the other arbitrators, are to award—the person chosen is not to award alone. The court cannot travel into the merits of the award. Whether a part of the collection, therefore, was correctly made or not, is wholly immaterial. The defendant, being present, waived the necessity of notice, and of the new arbitrator's going into an investigation of the whole subject. But the case of *Selby vs. Gibson* was decided on the very ground that notice had not been given to *Gibson*, who did not attend.

which means the defendant was deprived of an opportunity of making his defence before the said *James Disney*

Messrs *Callahan* and *Harwood* were examined as witnesses by the court, and it was proved that Mr. *Callahan*, as one of the arbitrators with Mr. *Harwood*, in presence of the parties, reduced to writing the whole of the evidence taken before them while they acted as arbitrators; that on their disagreeing, they chose Mr. *Disney*; that the evidence, thus reduced to writing, was delivered to Mr *Disney*; that Mr *Harwood* and Mr. *Disney* agreeing in opinion, made the award The witnesses were not certain that the defendant had a knowledge of the day fixed on for the meeting of Mr. *Disney* with them as arbitrators; they think the defendant said he had additional testimony, but none was taken; nor did the defendant attend on the day the award was made.

THE COURT set aside the award, and reinstated the cause.

*Key* and *Johnson*, for the Plaintiff.
*Martin*, (Attorney General,) and *Shaaff*, for the Defendant.

CHASE, Ch. J. delivered the opinion of the court. Every ground of relief in equity against an award, is equally open in this court, upon motion, in a summary way. 3 *Burr.* 1258, 9.

The court will not enter at all into the merits of the matter referred to arbitrators; but only consider such *legal* objections as appear on the *face of the award,* and such as go to the *misbehaviour* of arbitrators. 2 *Burr.* 701. *Adj. Ca.* 109.

A palpable mistake in law or fact, is good cause to set aside an award, if it is apparent on the face of the award. 1 *Vern.* 157, 8. 2 *Vern.* 705. 3 *Atk.* 644. 1 *Atk.* 64. 1 *Ch. Rep.* 76. *Brownl.* 63. *Cro. El.* 904. 1 *Rol. Ab.* 251.

The court will not unravel the matter and examine into the *justice* and *reasonableness* of what is awarded. 1 *Stra.* 301. *Adj. Ca.* 105.

JUDGMENT ENTERED ON THE AWARD.