[No. 1786. Decided January 3, 1896.]

SCHOOL DISTRICT No. 5, SNOHOMISH COUNTY, *Appellant*, v. FRANK SAGE *et al., Respondents.*

ARBITRATION AND AWARD — REVIEW BY COURTS.

The only power of the superior court, under Code Proc., §429, upon the hearing of exceptions to an award is to refer the cause back to the arbitrators for amendment in case of error in fact or law, or to confirm the award, as made; with the merits of the controversy the court has nothing to do.

Under Code Proc., §430, providing that arbitrators shall have power to decide both the law and the fact involved in the cause submitted to them, and there being no provision made for the preservation of the evidence received by them, the courts cannot sustain an exception to an award on the ground that the arbitrators committed error in fact or in law, unless such error appears upon the face of the award, or in some paper delivered with it.

An award by arbitrators, when fairly and honestly made upon due consideration of all the evidence before them, is conclusive and binding upon the parties.

As to matters of law, arbitrators are not bound in all cases to follow the strict rules of law governing courts, unless restricted by the agreement to submit, but may decide in accordance with their views of the equitable rights of the parties.

An award will not be set aside on account of error in law, even where arbitrators are required to decide according to the strict rules of law, if the error complained of is not plain, or if the point of law is a doubtful one.

Appeal from Superior Court, Snohomish County.—
Hon. JOHN C. DENNEY, Judge.          Affirmed.

*Geo. J. Sherry,* and *A. D. Austin,* for appellant.
*A. K. Delaney,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—The respondents entered into a written contract with appellant to erect for it a school house for the sum $18,179, according to plans and specifica-

tions prepared by its architect, F. A. Sexton, and signed by the parties, and according to the terms of said contract. Prior to the making of this contract appellant had purchased the Smead heating and ventilating apparatus, for $3,000, to be used in the school house proposed to be erected, under a written agreemens by which the Smead company were to furnish plans and specifications and to superintend the putting of the apparatus into the building. Soon after the signing of the contract, the respondents commenced the construction of the school house, which they completed on or about October 23, 1893, to the satisfaction of appellant's said architect, who delivered to them a certificate of completion, and also a certificate showing the balance due respondents, including the value of extra labor performed and materials furnished by them. Payments were made by appellant to respondents, from time to time, as the work progressed, the last one having been made on October 15, 1893. Further payment was refused for the alleged reason, among others, that respondents had not complied with the terms of their contract. Appellant also claimed that under the contract respondents were obliged to furnish everything requisite for the building, including the Smead system of heating, and that its cost should be deducted from the contract price of the building. On the contrary, the respondents claimed that they had complied with their contract and that their agreement did not require them to furnish or pay for the heating and ventilating apparatus purchased by appellant. On its completion appellant took possession of the building and occupied it as a school house.

Appellant insisted on deducting the cost of the

23—13 WASH.

Smead system from the contract price; and that the final certificates of the architect were not binding upon it on account of his bad faith with the appellant and collusion with respondents, and of his unfaithfulness to his trust in the preparation of details and in accepting inferior work and materials and deviating from plans and specifications and assuming authority not given by the contract, and that respondents were entitled to no further payment until they had fully and completely performed their contract. In order to settle their differences and disputes, the respondents and appellant, by its board of directors, entered into a written agreement submitting to arbitration the following questions:

(1). As to the mutual differences between said parties and to determine the amount, if any, due the parties of the first part (respondents) under and by virtue of the afore-mentioned contract, without any consideration of the heating and ventilating apparatus known as the Smead system.

(2.) As to whether or not the expense of putting said system into the building should be borne by the parties of the first part, and thereupon determine the gross amount, if any, due the parties of the first part under said contract, and to make the proper award under this agreement as provided by the laws of this state.

Under this agreement the respondents chose L. K. Church, and the appellant chose J. S. White, as their respective arbitrators, and the two chose R. McFarland, as the third. After being duly sworn said arbitrators proceeded to hear, try and determine the differences submitted to them by said agreement, and after hearing and considering the evidence produced by the respective parties, a majority of them, on May

16, 1894, made their award, finding that the furnishing of said heating and ventilating system and apparatus was not within the terms of respondents' contract with the school district, and that there was due from said school district to respondents, Chapman and Sage, the sum of $5,582.89, together with the costs of arbitration, including the fees of respondents' witnesses. This award, together with the written agreement of submission, was filed with the clerk of the superior court of Snohomish county, and a copy thereof served on the school district, as provided by law. Exceptions to the award were served and filed by the appellant, all of which were overruled by the court, and judgment was rendered in favor of the respondents for the amount stated in the award. The school district brings the cause here for review.

The argument of the learned counsel for appellant, as indicated by their brief, seems to proceed upon the theory that this court will try and determine the matters in controversy between these parties upon the evidence which was submitted to the arbitrators, and which has been transmitted to this court as part of the record herein. But such is not the theory of the law. The only power conferred by law upon the court below, respecting the questions presented by the exceptions was that which authorized it to refer the cause back to the arbitrators for amendment of their award in case it appeared that they had committed error in fact or in law, or if no such error appeared, to confirm the award as made. With the merits of the controversy the court had nothing whatever to do. It was not possessed of the case for the purpose of proceeding to its determination. Code Proc., § 429. Neither is this court so possessed of it. The sole question for our determination is whether the superior

court erred in sustaining the award. The court filed no findings of fact or conclusions of law, but simply overruled the objections to the award, the ground of which objections was the statutory one that the arbitrators committed error in fact and in law. Code Proc., § 428.

Having shown the extent and limit of the power of the court in the premises, under the statute, the question arises as to how it was to determine whether the errors complained of had been committed. Was it by an examination of all the evidence taken before the arbitrators, and upon which they base their award, or was the question to be determined from the award itself? The legislature has provided that arbitrators shall have power to decide both the law and the fact that may be involved in the cause submitted to them (Code Proc., § 430,) and that is the common law rule, upon a general submission, unless the arbitrators are restricted by the agreement to submit. Morse, Arbitration and Award, p. 296.

The legislature has also provided, as we have seen, that awards may be set aside for error in fact or law, but inasmuch as there is no provision in the statute requiring arbitrators to file or preserve the evidence received upon the hearing, it would seem to follow that the errors which will sustain an exception to an award on the ground indicated must be discovered by an examination of the award alone. If it was the intention of the legislature to require the court, upon hearing exceptions taken to awards, to examine the evidence submitted to the arbitrators, or, in other words, to try the cause *de novo*, it is but reasonable to presume that they would have so declared. And in the absence of such provision, we think we are justified in adopting the rule announced in many well con-

sidered cases, and which we believe is subject to but few exceptions, viz., that the errors and mistakes contemplated by the statute must appear on the face of the award, or, at least, in some paper delivered with it. 1 Am. & Eng. Enc. Law, p. 710; *Pleasants v. Ross*, 1 Wash. (Va.) 156; *Hartshorne v. Cuttrell*, 16 N. J. Eq. 297; *Goldsmith's Admr. v. Tilly*, 1 Har. & J. 361; *Fudickar v. Insurance Co.*, 62 N. Y. 392; *Halstead v. Seaman*, 52 How. Pr. 415; *De Castro v. Brett*, 56 How. Pr. 484; Morse, Arbitration and Award, 325.

In 1 Am. & Eng. Enc. Law, *supra*, it is said that, " The mistake for which an award will be set aside must be palpably apparent upon its face, in some material point, and extremely prejudicial to the losing party; " and numerous decisions are referred to in support of the proposition. Arbitration is favored by the law as an easy, expeditious and inexpensive mode of adjusting disputes and differences, and awards are generally very liberally construed by the courts. All reasonable intendments and presumptions will be indulged to uphold them, and no intendments will be made to overthrow them. The principal object of submitting controverted questions to arbitration is to avoid the expense and delay incident to ordinary proceedings in the established courts of justice, and after parties have submitted their disputes to a tribunal of their own selection, they ought generally to be bound by the result. *Wilson v. Wilson*, 18 Colo. 615 (34 Pac. 175); *New York Wood Working Co. v. Schnieder*, 119 N. Y. 475 (24 N. E. 4). The adoption of any other rule would result in making arbitration the beginning instead of the final determination of controversies, and would create a fruitful source of litigation.

This was a general submission of all differences growing out of the contract between the parties, and

all that either party was entitled to was the honest judgment of the arbitrators upon the questions submitted to them. It is not claimed that the arbitrators in this instance were guilty of corruption or misconduct or that they did not exercise their judgment honestly after a full and fair hearing of both parties. The contention is simply that they erred in their judgment upon the facts and the law. Under such circumstances awards will not be set aside for mistakes or errors in judgment, for the very purpose of a submission to arbitration of all questions of law and fact touching particular matters in controversy is to obtain the decision and judgment of the arbitrators thereon. Upon a submission like the present, where it is not shown that the arbitrators were deceived and misled by some error or mistake, so that the award is not really the result of their judgment, but where it appears that their decision was fairly and honestly made upon due consideration of all the evidence before them, the award ought to be held conclusive and binding upon the parties. *Boston Water Power Co. v. Gray,* 6 Metc. (Mass.) 131.

See, also: *Burchell v. Marsh,* 17 How. 344; *Goddard v. King,* 40 Minn. 164 (41 N. W. 659); *New York Wood Working Co. v. Schnieder, supra.*

In the case last cited the court by GRAY, Judge, said:

"I think the rule should be a settled one that the submission by parties of all matters in dispute, growing out of a particular transaction or contract, will estop them from thereafter claiming that the award is not conclusive, if its language and terms, when fairly regarded, are comprehensive. The presumption should be strongly upheld by the courts that the arbitrator's decision was a final adjustment of all matters in controversy."

As to matters of law, arbitrators, unless restricted by the agreement to submit, are not bound, in all cases, to follow the strict rules of law governing the courts, but may decide in accordance with their views of the equitable rights of the parties. *Wilson v. Wilson, supra.*

In *Fudickar v. Insurance Co., supra,* the court, in discussing this question, uses language peculiarly applicable to this case, and which is as follows:

"But it is held, in accordance with what seems to be a just view of the subject, that arbitrators may, unless restricted by the submission, disregard strict rules of law or evidence and decide according to their sense of equity. (*Kleine v. Catara,* 2 Gall. 61; *Boston Water Power Co. v. Gray,* 6 Met. 131; *Tyler v. Dyer,* 13 Me. 41; *Hazeltine v. Smith,* 3 Vt. 535; *Cushman v. Wooster,* 45 N. H. 410; Sto. Eq. § 1454.) If, for example, a claim for compensation for the erection of a building by one person on the land of another, under a contract which, by technical construction, makes the right to compensation dependent upon full performance by the builder, is referred to arbitration, and it turns out that there has been a failure by the builder to comply with the contract in some particulars, although the benefit which the other party has received from part performance is greater than the injury sustained by the failure to perform the contract in full, the arbitrator may, I think, where the submission is general, award the excess of benefit, although in an action at law upon the contract he could not, within the decision in *Smith v. Brady,* 17 N. Y. 172 (72 Am. Dec. 442), recover."

If the language quoted expresses the correct doctrine — and we think it does — it disposes of the contention of appellant that the arbitrators committed error in law by finding in favor of respondents, after having found that the building, as completed by them, varies in some particulars from the original plans and specifications, but was built and completed according

to the details and working drawings of said architect, Sexton, and as by him directed. In making their award the arbitrators credited the school district with the sum of $1,318.03, as compensation, or damages, on account of respondents' failure to comply with the exact terms of their contract in the particulars referred to in the award. But even where arbitrators are required to decide according to the strict rules of law, if the error complained of is not plain, or if the point of law is a doubtful one, it has been held by respectable authority that their decision will not be interfered with on account of error in law. Morse, Arbitration, p. 314. In this case the points of law made by appellant are, to say the least, not free from doubt, and we are therefore not prepared to say, even if it were conceded that the arbitrators were bound by the strict rules of law, that their award should be set aside on the ground that it is contrary to law.

We perceive no error in the ruling of the superior court, and the judgment must, therefore, be affirmed.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ., concur.