[No. 18150.   Department One.   January 17, 1924.]

# J. W. HATCH et al., Appellants, v. HARVEY L. COLE et al., Respondents.[1]

APPEAL (268)—RECORD—STATEMENT OF FACTS. Error cannot be assigned upon the denial of a motion to set aside an award or upon resubmitting the same, on the abandonment of an arbitration, in the absence of a statement of facts showing the proceedings before the trial court.

ARBITRATION AND AWARD (9)—TRIAL (150)—FINDINGS OF FACT—NECESSITY. The hearing upon exceptions to an award is a special statutory proceeding which does not contemplate or require findings of fact or conclusions of law.

ARBITRATION AND AWARD (12)—EXCEPTIONS—ERROR IN FACT OR LAW—EVIDENCE. Under Rem. Comp. Stat., § 424, providing for exceptions to an award for error in fact or law, the error must appear on the face of the award, and cannot be shown by the admission of evidence.

SAME (12)—EXCEPTIONS—MISCONDUCT. Under Rem. Comp. Stat., § 424, providing for exceptions to an award on the ground of misbehavior of the arbitrators, "intentional" wrong is implied and must appear, in order to set aside the award.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered April 4, 1923, confirming an award on arbitration, after a hearing before the court.   Affirmed.

*Goodsell & Farrington,* for appellants.

*Plummer, Zent & Lovell,* and *E. J. Farley,* for respondents.

MACKINTOSH, J.—This matter arises under exceptions filed in the superior court to an award of arbitrators, where the court, upon a hearing, refused to set the award aside and entered judgment confirming it.

The appellants had a claim against the respondents in the sum of $400, which was submitted to arbitration

[1]Reported in 222 Pac. 463.

under the statute. The arbitrators filed an award in favor of the respondents in the sum of $368.65, which was, upon exceptions, set aside by the court, which re-submitted the controversy to the arbitrators, who made a second award in favor of the respondents in the sum of $396.15, which is the award before us.

Various errors are presented for our consideration; the first is that the court was in error in denying the appellants' motion to set aside the first award and to take the controversy from the arbitrators on the ground that the arbitration had been abandoned. The foundation for the argument of this assignment is that the parties had agreed that the arbitration might be abandoned in consideration that the appellants would not proceed with an action in court which they had begun upon their claim until such time as the respondents had an opportunity to prepare their defense to that action. We are unable to pass upon this assignment, for the reason that there is nothing before us by way of a statement of facts or bill of exceptions to show the proceedings before the trial court on the original award, and we therefore are unable to review that matter.

The second assignment is that the court, after setting aside the first award, erred in re-submitting the controversy to the arbitrators. What has been said in regard to the first assignment is also applicable here, and for that reason we are unable to determine the matters under this assignment.

The third assignment is that the court, upon the hearing of the exceptions to the second award, refused to make findings of fact or conclusions of law, although such findings and conclusions were requested by the appellants. Under § 422, Rem. Comp. Stat. [P. C. § 7341], it is provided that:

". . . judgment shall be entered as upon the verdict of a jury, and exception may issue thereon, and

the same proceedings [may be had] upon said award, with like effect as though said award were a verdict in a civil action."

The hearing upon exceptions to an award is not the ordinary civil action. It is a special statutory proceeding and clearly does not contemplate that the courts should make findings of fact or conclusions of law and therefore we find no error in the court's refusing to make such.

The next assignment is that the court erred in refusing to admit evidence to show that the arbitrators who filed the second award misbehaved themselves, committed errors of fact and of law, or were influenced by corrupt pressure in arriving at their decision. The statute of arbitration, § 424, Rem. Comp. Stat. [P. C. § 7343], provides:

"The party against whom an award may be made may except in writing thereto for either of the following causes:—1. That the arbitrators or umpire misbehaved themselves in the case; 2. That they committed an error in fact or law; 3. That the award was procured by corruption or other undue means."

Nothing appears in the record which would give rise to the claim that the award was procured by corruption or other undue means, under subd. 3 above, and the face of the award shows no error in fact or law under subd. 2, above. We have held that, under this subd. 2. the court will not review the case upon its merits, and that the error of fact or law subject to review by the superior court under exceptions to the award are such errors of fact or law as appear upon the face of the award.

In *School District No. 5 v. Sage*, 13 Wash. 352, 43 Pac. 341 (where the award was accompanied by a transcript of the testimony taken before the arbitra-

tors) this court held that the testimony would not be considered and said:

"The argument of the learned counsel for appellant, as indicated by their brief, seems to proceed upon the theory that this court will try and determine the matters in controversy between these parties upon the evidence which was submitted to the arbitrators, and which has been transmitted to this court as part of the record herein. But such is not the theory of the law. The only power conferred by law upon the court below, respecting the question presented by the exceptions was that which authorized it to refer the cause back to the arbitrators for amendment of their award in case it appeared that they had committed error in fact or in law, or if no such error appeared, to confirm the award as made. With the merits of the controversy the court had nothing whatever to do. It was not possessed of the case for the purpose of proceeding to its determination. . . . Neither is this court so possessed of it. . . .

"Having shown the extent and limit of the power of the court in the premises, under the statute, the question arises as to how it was to determine whether the errors complained of had been committed. Was it by an examination of all the evidence taken before the arbitrators, and upon which they base their award, or was the question to be determined from the award itself? The legislature has provided that arbitrators shall have power to decide both the law and the fact that may be involved in the cause submitted to them. . . . and that is the common law rule, upon a general submission, unless the arbitrators are restricted by the agreement to submit. . . .

"The legislature has also provided, as we have seen, that awards may be set aside for error in fact or law, but inasmuch as there is no provision in the statute requiring arbitrators to file or preserve the evidence received upon the hearing, it would seem to follow that the errors which will sustain an exception to an award on the ground indicated must be discovered by an examination of the award alone. If it was the intention

of the legislature to require the court, upon hearing
exceptions taken to awards, to examine the evidence
submitted to the arbitrators, or, in other words, to try
the cause *de novo,* it is but reasonable to presume that
they would have so declared. And in the absence of
such provision, we think we are justified in adopting
the rule announced in many well considered cases, and
which we believe is subject to but few exceptions, viz.,
that the errors and mistakes contemplated by the stat-
ute must appear on the face of the award, or, at least,
in some paper delivered with it. . . . The adoption
of any other rule would result in making arbitrations
the beginning instead of the final determination of con-
troversies, and would create a fruitful source of litiga-
tion.''

And in *Oregon-Washington R. & Nav. Co. v. Thurs-
ton County,* 98 Wash. 218, 167 Pac. 930, we further
said:

'' 'The members of the board were called, . . .
and submitted to an elaborate cross-examination with
regard to the operation of their minds in valuing and
taxing the roads. This was wholly improper. In this
respect the case does not differ from that of a jury or
umpire, if we assume that the members of the board
were not entitled to the possibly higher immunities of
a judge. . . . Jurymen cannot be called, even on
a motion for a new trial in the same case, to testify to
the motives and influences that led to their verdict.
. . . So, as to arbitrators. . . . Similar reason-
ing was applied to a judge. . . . A multitude of
cases will be found collected in 4 Wigmore, Evidence,
§§ 2348, 2349. . . .' ''

Consequently, the only exception that can be con-
sidered is the one arising under subd. 1; that is,
whether the arbitrators ''misbehaved themselves in the
case.'' This phrase is rather indefinite in its meaning,
but it is apparent that it was not intended to be in-
clusive of errors of fact and law which, by subd. 2, are
made specific grounds for exception to the award. The

misbehavior that appellants allege in the instant case is (1) that the arbitrators refused to receive proof that a claim for $61.25 in favor of the respondents had been paid by the appellants; (2) that the two arbitrators who signed the award asserted during the arbitration that they would not be bound by the evidence; (3) that no allowance was made in the award for certain services performed by the appellants; (4) that the arbitrators refused to make findings of fact on which to base their award, although requested so to do by the appellants; (5) that claims were allowed in favor of the respondents in regard to which no proof was taken by the arbitrators; (6) that the two arbitrators making the award refused to listen to their dissenting associate whenever "he attempted to present any showing in favor of appellants."

The court, upon the hearing on the exceptions, refused to admit testimony relating to these matters and allowed an exception to its refusal of offers to prove them. The question, therefore, is whether the offered proof would establish misbehavior and evidence thereof should have been admitted.

It is clear that there can be no question that some of the matters alleged are plainly within subd. 2, above, as matters of fact or of law, and are not reviewable. This applies to allegations of misbehavior numbers (1), (3), (4) and (5), leaving (2) and (6) as constituting the only things which could be construed as misbehavior; they are, that the majority of the arbitrators asserted they were not bound by the evidence and that they refused to listen to the minority member, who attempted to present matters in the appellants' favor.

In *Smith v. Cutler,* 10 Wend. (N. Y.) 589, 25 Am. Dec. 580, the supreme court of New York had under consideration the term "misbehavior" as used in an arbitration statute and said this:

"The terms misconduct and misbehavior, as used here, are not applicable to a mere error in judgment, but imply an intention to do wrong. . . . The legislature seem cautiously to guard against any intermeddling with an award upon the merits. . . . It could never have been the intention of the legislature that this court should sit in review upon the decisions of all the arbitrators in the state; if such had been their intention, they would have provided some writ of review or writ of error. It was intended to give relief in cases of corruption or improper conduct on the part of the arbitrators or parties, or where there was a want of jurisdiction, or the award was not final; but in no other case. The object of this application is to review the acts of the arbitrators upon the merits. There is no pretence of any misconduct, except the errors in judgment of the arbitrators, and therefore we have no right to interfere with them."

There was plainly no offer made to show that the majority arbitrators intentionally did any wrong. Under our statutes, which give the award of arbitration the effect of a verdict of the jury, such things as are alleged here as misbehavior were certainly not contemplated by the legislature as being matters subject to review, and the quotation heretofore made from *Oregon-Washington R. & Nav. Co. v. Thurston County,* *supra,* applies here very forcibly.

It is persuasively argued by appellants' counsel that to sanction arbitration awards made such as the one here is to give to arbitrators the power to arbitrarily decide the disputes. That seems to have been the legislative intent, for by the statute arbitrators are given the right to determine both the law and their own method of finding the facts, and it was with knowledge of that legal situation that the parties hereto submitted their controversy to arbitration. Section 426, Rem. Comp. Stat. [P. C. § 7345], and *School District No. 5 v. Sage, supra.* If it were not so, and the courts were

allowed to try these matters *de novo,* the legislature would merely have added to the uncertainty and delay of litigation instead of decreasing it, as was their evident intention by providing for the informal and speedy method of disposing of controversies.

For the reasons given, we are compelled to affirm the judgment of the trial court.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.