[No. 58170-3. En Banc. May 21, 1992.]

DONALD BARNETT, *Appellant*, v. JACK A. HICKS, ET AL, *Respondents*.

*Edwards, Sieh, Wiggins & Hathaway,* by *Charles K. Wiggins* and *Laura Buckland,* for appellant.

*Rohan, Goldfarb & Shapiro, P.S.,* by *Robert J. Rohan; Sylvester, Ruud, Petrie & Cruzen,* by *David G. Knibb,* for respondents.

BRACHTENBACH, J. — This is the second appeal arising from disputes between plaintiff, the founding pastor of the Community Chapel and Bible Training Center (Chapel), and defendants, the Board of Directors/Elders of the Chapel. In the first appeal we reversed a partial summary judgment in favor of defendants and remanded for further proceedings. *Barnett v. Hicks,* 114 Wn.2d 879, 792 P.2d 150 (1990).

Upon remand, the matter was transferred by stipulation to retired Superior Court Judge Walter J. Deierlein. After 10 days of testimony Judge Deierlein made findings of fact, conclusions of law and judgment upholding removal of plaintiff as pastor and officer of the Chapel.

We do not reach the merits, but rather dismiss the appeal on our own motion. By submitting the matter to arbitration the parties limited severely the scope of appellate review. None of the statutory grounds for appellate review is claimed; review on the merits is not permitted.

The essential question is whether the proceedings below were pursuant to the arbitration statute, RCW 7.04, or were a reference hearing under RCW 4.48. The difference between the proceedings is crucial to the question of appellate review. In summary, if it was an arbitration proceeding, review is controlled entirely by RCW 7.04 which restricts

review in the trial court and on appeal to grounds contained in RCW 7.04.160-.170. If it were a trial before a referee there would be full appellate review. RCW 4.48.120(2). We conclude that the below proceedings constitute statutory arbitration. The parties' stipulation for full appellate review is not recognized.

A review of the proceedings will demonstrate why we necessarily conclude that they constituted statutory arbitration. However, in order to fully explain our holding, we will first compare the differences between an arbitration proceeding and a trial before a referee.

■ As a preliminary matter, we note this court has a duty to determine the extent of appellate review even though not raised by the parties. *See Dux v. Hostetter*, 37 Wn.2d 550, 555, 225 P.2d 210 (1950).

Both procedures, as voluntary options to a trial in superior court, require written consent. RCW 7.04.010 (two or more parties may agree in writing to submit to arbitration); RCW 4.48.010 (written consent of parties required for a trial before a referee). An arbitration agreement is valid, enforceable and irrevocable unless grounds exist for the revocation of such an agreement. RCW 7.04.010; *Tombs v. Northwest Airlines, Inc.*, 83 Wn.2d 157, 160, 516 P.2d 1028 (1973). However, mandatory arbitration can be required by a county rule and a trial before a referee can be ordered without the parties' consent. RCW 7.06.010; RCW 4.48.020.

Each has different notice requirements. A notice of an intent to arbitrate is between the parties to an agreement to arbitrate. RCW 7.04.060. The notice must include a warning that unless the served party files a motion to stay arbitration within 20 days of service, that party is barred from contesting the existence or validity of the agreement or the failure to comply with it. RCW 7.04.060.

The notice of a trial before a referee is a more public event. At least 5 days before the trial, the referee must advise the clerk of the court of the time and place set for

trial. RCW 4.48.130(1). The clerk must then post a notice in a conspicuous place in the courthouse which includes the names of the parties, the time and place for trial, the name of the referee and a statement indicating that the procedure is consensual. RCW 4.48.130(1). Additionally, a consensual trial before a referee is an open court proceeding which anyone can attend. RCW 4.48.130(2).

Generally, the parties to either proceeding may choose the arbitrator or referee who is to preside. RCW 7.04.050; RCW 4.48.030. Each statute provides a method for the selection of an arbitrator or referee in the event that the parties fail to make the selection. RCW 7.04.050; RCW 4.48.030. Although there is not a statutory method to challenge the judicial appointment of an arbitrator, each party has the right to challenge the appointment of a referee consistent with the rules and procedure governing jury selection, save peremptory challenges. RCW 4.48.050.

The powers afforded to an arbitrator and to a referee are distinct. An arbitrator's powers are governed by the agreement to arbitrate. *Sullivan v. Great Am. Ins. Co.*, 23 Wn. App. 242, 246, 594 P.2d 454 (1979). By statute, arbitrators may appoint a time and place for the proceedings, may adjourn them, and may postpone them. RCW 7.04.070.

An order of reference may limit or direct a referee's powers. RCW 4.48.060(1). However, a referee has the power to try an issue of law or fact in a civil action, to ascertain a fact for the court and either report the fact or take and report evidence presented with respect to that fact, and to execute an order, judgment or decree or other power or duty authorized by law. RCW 2.24.060.

The proceedings before either official also differ significantly. Arbitration can be casually structured. *Tombs v. Northwest Airlines, Inc.*, 83 Wn.2d 157, 161, 516 P.2d 1028 (1973) (arbitrators are not expected or required to always follow the strict and technical rules of law); *Thorgaard Plumbing & Heating Co. v. County of King*, 71 Wn.2d 126,

132, 426 P.2d 828 (1967) (arbitration depends for its existence and for its jurisdiction upon the parties having contracted to submit to it, and upon the arbitration statute); *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 248, 386 P.2d 625 (1963) (although arbitration is in the nature of a judicial inquiry, the standards of judicial conduct and efficiency to which arbitrators are held are markedly different from those imposed on judicial officers).

A trial before a referee maintains the formality of the trial court subject to the order of reference. RCW 4.48-.060(1). Unless otherwise agreed, the rules of pleading, practice, procedure, and evidence apply to a trial before a referee and the referee has similar powers to a trial court judge. RCW 4.48.060(1); RCW 2.24.060.

Further, each official renders a different result; an arbitrator gives an award while a referee furnishes a report. An award issued by an arbitrator must be in writing, signed by the arbitrator, and a copy must be promptly given to each party or their attorney. RCW 7.04.140. The statute does not require a separate statement of findings of fact and conclusions of law in an arbitrator's award. *See also Hatch v. Cole*, 128 Wash. 107, 109, 222 P. 463, *aff'd*, 130 Wash. 706, 226 P. 1119 (1924); *Bachelder v. Wallace*, 1 Wash. Terr. 107, 108-09 (1860) (findings of fact and conclusions of law not required and need not be stated separately); *Westmark Properties, Inc. v. McGuire*, 53 Wn. App. 400, 403, 766 P.2d 1146 (1989) (a statement of reasons for an arbitrator's award is not part of the award).

A referee's report must contain findings of fact and conclusions of law. RCW 4.48.070. The report must be filed within 20 days after the conclusion of the trial before the referee and mailed to each party. RCW 4.48.080, .110.

The superior court's powers with respect to each proceeding also differ. A superior court may only confirm, vacate, modify or correct an arbitrator's award. RCW 7.04.150-.170. Such an action is strictly limited to the statutory bases for confirmation, vacation, modification or correction. *Hatch*, at

113 (a court will not review the decision of an arbitrator on the merits); *Westmark*, at 402-03. If none of the statutory bases exists for vacation, modification or correction, the court must, on a motion of one of the parties within 1 year of the award, confirm the award. RCW 7.04.150.

A court may either affirm or set aside a referee's report. RCW 4.48.090. Such a decision may be based on the merits of the case. RCW 4.48.120(2); *Hunley v. Ingle*, 88 Wash. 446, 449, 153 P. 313 (1915) (a referee's findings are advisory).

■ Notwithstanding the above, "[t]he primary distinction between [a trial before a referee] . . . and arbitration is that the decisions based on the former are appealable to an appellate court in the same manner as any other general trial court judgment, while the scope of review for decisions arising out of the latter are very narrow." Washington State Bar Ass'n, *Alternative Dispute Resolution Deskbook: Arbitration and Mediation in Washington* § 6B.2, at 6B-2 (1989). Review of an arbitrator's award does not include a review of the merits of the case. *Hatch*, at 109, 113; *School Dist. 5, Snohomish Cy. v. Sage*, 13 Wash. 352, 356-57, 43 P. 341 (1896). Rather, an appellate court's inquiry into an arbitrator's award is limited to that of the court which confirmed, vacated, modified or corrected that award. RCW 7.04.150-.170; *Hatch*, at 109; *Westmark*, at 402. Thus, in the case of an appeal from an arbitrator's award, an appellate court is strictly proscribed from the traditional full review. RCW 7.04.220 does not alter this proscription.

Appellate review of a trial before a referee is not so limited. RCW 4.48.120(2) provides: "The decision of a referee entered as provided in this section may be reviewed in the same manner as if the decision was made by the court." Consequently, appellate review of a referee's report is the same as from a final judgment from a trial court, *i.e.*, full appellate review. *See* RAP 2.2(a)(1).

Thus, a statutory arbitration proceeding and a trial before a referee are markedly different procedures. The scope of review is also quite different. With these rules in mind we turn to the facts of this case.

■ The decisive issue here was raised initially by the Supreme Court commissioner in ruling on preliminary motions. The commissioner noted that it appeared the decision below was rendered by an arbitrator, but was never confirmed in the superior court. RCW 7.04.150. The commissioner correctly stated:

> The superior court has precisely circumscribed authority when passing on an arbitrator's decision. RCW 7.04.160 and .170. An appellate court's inquiry is similarly limited in addressing an appeal from a superior court's decision under RCW 7.04. . . . It is at least questionable whether parties to an arbitration can validly stipulate around these limitations.

(Citations omitted.) Commissioner's Ruling, at 2 (Nov. 19, 1991).

In response, the parties filed a joint memorandum agreeing that this matter was tried as a trial before a referee. The joint memorandum provides in relevant part:

> The parties agree that this matter was tried as a reference hearing by agreement pursuant to RCW 4.48.010, not as an arbitration pursuant to RCW 7.04. The parties file this joint memorandum to explain this procedure.
> The parties initially agreed that this matter would be tried by an arbitrator, with full appeal rights as if the matter had been tried in Superior Court. The parties followed the arbitration model, referring to arbitrator's powers under RCW 7.04.110, and referring to the decision maker as an "arbitrator."
> Prior to the actual trial, the parties agreed that RCW 7.04 was not the appropriate procedural vehicle, and that a more appropriate mechanism would be a trial by reference pursuant to RCW 4.48.010. The parties subsequently entered into a stipulation of reference to private arbitration . . . The stipulation does not state the statutory basis for the reference, but the parties had agreed in advance that RCW 4.48.010 was the appropriate vehicle. Judge Charles Johnson, presiding, signed an order of reference pursuant to the parties' stipulation.

Joint Memorandum, at 1-2.

The record unequivocally disproves the parties' assertions that this was a trial before a referee under RCW 4.48.010. Before, during and after the proceedings before Judge Deierlein, all references are to an arbitration proceeding. As will be shown, there are repeated references to arbitration

and the arbitrator. A trial before a referee, as opposed to arbitration, is not mentioned until after the commissioner's inquiry. Further, parties cannot agree in writing to proceed under one statute and then state that they intended to proceed under another. *See Dickie Mfg. Co. v. Sound Constr. & Eng'g Co.*, 92 Wash. 316, 319, 159 P. 129 (1916) ("[i]t is of little moment if anything was said by the parties after they had signed the arbitration agreement. Their minds . . . met upon the statute.").

The most telling and conclusive evidence of the nature of the proceedings relates to their confidentiality. The parties executed a stipulation and agreed order of reference to private arbitration. See appendix. Paragraph 7 provides that "[a]ll proceedings before the *arbitrator* shall be confidential as provided in the agreement of the parties to *arbitrate* this case." (Italics ours.) Paragraph 8 twice refers to arbitration and requires the parties to request sealing of the record of arbitration.

Such confidentiality and sealing of the record is wholly inconsistent with the reference statute. As stated above, a trial before a referee is a public proceeding which anyone can attend. RCW 4.48.130(2). Also, RCW 4.48.130(1) requires public notice of the time and place of proceedings before a referee. These provisions are consistent with Const. art. 1, § 10, which states: "Justice in all cases shall be administered openly, and without unnecessary delay." *See also Cohen v. Everett City Coun.*, 85 Wn.2d 385, 387-89, 535 P.2d 801 (1975) (a trial is an open and public proceeding absent a statutory exception or compelling reason calling for confidentiality). The arbitration statute provides such an exception; RCW 4.48 does not.

Further, an arbitration proceeding is consistent with the parties' stated intention of preserving confidentiality. Moreover, the later selection of a trial before a referee is inconsistent with this stated intention of the parties. *See Agnew v. Lacey Co-Ply*, 33 Wn. App. 283, 289-90, 654 P.2d 712 (1982) (arbitration agreements are considered as a whole and in light of all the circumstances surrounding the

transaction so as to give effect to the expressed intent of the parties), *review denied*, 99 Wn.2d 1006 (1983). If the parties in fact intended to consent to a trial before a referee, they could not cloak that proceeding with secrecy by closing the trial and sealing the record. Litigants cannot have the best of both worlds to suit their private interests.

The very purpose of arbitration is to avoid the courts insofar as the resolution of the dispute is concerned. *Thorgaard*, at 131. The object is to avoid what some feel to be the formalities, the delay, the expense and vexation of ordinary litigation. *Thorgaard*, at 132. Immediate settlement of controversies by arbitration removes the necessity of waiting out a crowded court docket. Comment, *The 1943 Washington Arbitration Act*, 22 Wash. L. Rev. 117, 118 (1947). If we allowed those who can afford the extra expense of arbitration to stipulate around the limitations on appellate review contained in RCW 7.04.160 and .170 we would afford them a faster access to appellate review than is available to those who proceed with the regular court process.

Equally inconsistent with the statutory scheme is the attempt of the parties to stipulate to the nature and extent of review of the trial court proceedings. Paragraph 6 of their stipulation (appendix) states:

> Any superior court order entered on a motion to confirm an order or award shall be subject to review by the appellate courts under applicable rules, and review, if granted, shall extend to the arbitration proceedings just as if the arbitration proceedings had occurred in superior court, subject to the power of the arbitrator to seal portions of the record.

Stipulation and Agreed Order of Reference to Private Arbitration, at 2. Clerk's Papers, at 85.

First we note the reference to an "order or award", which is consistent with arbitration, RCW 7.04.140-.180, but inconsistent with characterization of a referee's report, RCW 4.48.070-.090, .110-.120. However, the telling point is that if the reference proceeding were under RCW 4.48, the stipulation regarding review was wholly unnecessary because RCW 4.48.120(2) already provides for such review.

Considering the detail to which the parties went in their stipulation and agreed order of reference to private arbitration, it seems improbable, indeed unbelievable, that they would provide for the nature and extent of review if they, in fact, intended for trial before a referee. If they went to trial before a referee, the statute specifically gave them such a right of review. On the other hand, if they, in fact, and indeed were proceeding to arbitration, review would be precisely limited as provided in RCW 7.04.160-.170. It must be remembered that in their joint memorandum, the stipulated provisions mentioned above were made *after* the parties claim they intended to pursue trial before a referee.

██ In any event, the parties' effort to define the nature and scope of review must fail. Litigants cannot stipulate to jurisdiction nor can they create their own boundaries of review. *Cf. Folsom v. County of Spokane*, 111 Wn.2d 256, 262, 759 P.2d 1196 (1988) (stipulations as to questions of law are not binding upon the court); *Fortier v. Fortier*, 23 Wn.2d 748, 749-50, 162 P.2d 438 (1945) (while the Supreme Court has jurisdiction procedurally to entertain an appeal, it has no greater jurisdiction of subject matter or the merits than had the trial court); *State v. Diamond Tank Transp., Inc.*, 200 Wash. 206, 207, 93 P.2d 313 (1939) (it is well settled that the parties cannot stipulate jurisdiction in this court); 14 L. Orland & K. Tegland, Wash. Prac., *Trial Practice* § 32, at 74-76 (4th ed. 1986).

We now turn in more detail to the record which rings with clarity that this was an arbitration proceeding.

First, we examine the stipulation and agreed order of reference to private arbitration. Appendix. Bear in mind that this stipulation, according to the parties' joint memorandum, was entered into *after* they agreed that arbitration was not the appropriate vehicle and that trial before a referee was a more appropriate mechanism. The agreed order itself is entitled reference to private *arbitration*. In six separate places the stipulation refers to the *arbitrator*. Paragraphs 2, 4, 5, 6, 7, 9. Four references are made to arbitration or arbitration

proceedings. Paragraphs 6, 8. In paragraph 9 there is specific reference to the arbitration statute. Three references are made to judicial confirmation of the order or award. Paragraphs 3, 6, 8. Appendix; Clerk's Papers, at 85-86.

In short, the entire stipulation and agreed order is entirely and completely consistent with reference to arbitration and equally entirely and completely inconsistent with reference to a trial before a referee.

Second, the order sealing the record refers to an "agreement for arbitration". Clerk's Papers, at 88. That "agreement for arbitration" appears to be an agreement separate from the stipulation referred to above, but curiously is not in the record despite references to it and partial quotes from it.[1]

Third, the findings and conclusions refer to the reference to private *arbitration*. Clerk's Papers, at 107, 1040. Judge Deierlein signed as an *arbitrator* on the form prepared by defendants and signed by appellant's counsel. Clerk's Papers, at 142, 1075.

Fourth, motions and a trial memorandum prepared by plaintiff refer to *arbitration*, the *arbitrator* and the agreement to arbitrate. Clerk's Papers, at 166, 172, 265, 426.

Fifth, on various orders prepared by the parties, below the signature line for the judge, there appears "Judicial Arbitration and Mediation Services" or "J.A.M.S.". Clerk's Papers, at 382, 398, 538, 540, 543, 698, 702.

Sixth, the declaratory judgment is signed by Judge Deierlein as *arbitrator*. Clerk's Papers, at 1039.

---

[1] The failure to include an arbitration agreement in the record is a violation of RCW 7.04.200 by the clerk of the superior court. However, if the parties do not furnish the arbitration agreement to the clerk, as here, the responsibility falls on the parties. Such a failure to include the arbitration agreement with the arbitrator's award and the notice of appeal is also a violation of the Rules of Appellate Procedure. RAP 5.3(a); RAP 9.6(b)(1)(A). The failure to include the arbitration agreement in the record does not preclude review of the character of the proceeding as the validity or the existence of the agreement is not in dispute. Further, there are ample references to the arbitration agreement and the stipulation and agreed order of reference to private arbitration itself acts as an arbitration agreement. RCW 7.04.010; appendix.

Seventh, in the proceedings before Judge Deierlein arbitration is mentioned repeatedly. The following is illustrative:

MR. ROHAN: Your Honor, I think the agreement we have for arbitration says the parties agree to use you as an arbitrator.

MR. WIGGINS: Would you read the paragraph, please.

MR. ROHAN: It starts off the parties make this agreement in order to transfer this case from the Superior Court into private arbitration. The parties agree to use the Honorable Walter Deierlein as an arbitrator provided he can try this matter, et cetera, et cetera. If he cannot, the parties agree in good faith to choose another arbitrator. . . .

. . . .

MR. ROHAN: . . . But this agreement clearly states that the parties have agreed that we're going to continue an arbitration for this entire matter other than in terms of appellate matters which are addressed separately and I think that means that we have already agreed that this matter will be subject to your continuing review because we have not agreed in any way, shape, or form to go back into regular Superior Court.

. . . .

MR. WIGGINS: . . . [W]e intended to take this matter into arbitration before you because we wanted a more confidential hearing.

Verbatim Report of Proceedings, at 2284-86.

All of the foregoing establishes conclusively that the entire proceedings were intended to be and were in fact proceedings in arbitration pursuant to RCW 7.04. We so hold.

■ We also hold that the nature and scope of review of the arbitrator's decision cannot be stipulated to by the parties. Therefore, the parties are confined to that review provided by statute. As the parties have not made any claims within this restrictive statutory framework, the appeal is dismissed.

DORE, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

Reconsideration denied August 19, 1992.

# 164

FILED

1991 JAN 23 AM 11: 27

SUPERIOR COURT CLK
KING CO. WA.

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

DONALD L. BARNETT )
)
　　　　　　　Plaintiff, )　　NO. 88-2-04148-2
)
　v. )　　STIPULATION AND AGREED
)　　ORDER OF REFERENCE TO
JACK A. HICKS, JACK H. )　　PRIVATE ARBITRATION
DuBOIS and E. SCOTT HARTLEY, )
individually and as the )
Board of Directors of )
COMMUNITY CHAPEL AND BIBLE )
TRAINING CENTER, )
)
　　　　　　　Defendants. )
_____)

The parties to this action, through their below-signed counsel of record, stipulate as follows:

1.　This action is referred to Honorable Walter Deierlein, Retired Superior Court Judge for Snohomish County.

2.　Superior court proceedings shall be stayed and parties shall litigate before Judge Deierlein in accordance with the Civil Rules for Superior Court, King County Superior Court Local Rules, the Rules of Evidence, and statutes governing civil cases, with the arbitrator functioning in the role of a judge.

3.　Either party may apply to superior court for judicial confirmation of any order or award entered by Judge Deierlein and the court shall confirm such order or award.

STIPULATION AND AGREED ORDER OF
REFERENCE TO PRIVATE ARBITRATION - 1

EDWARDS, SIEH, WIGGINS & HATHAWAY
ATTORNEYS AT LAW
6501 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 624 0974

84

4.   All parties agree to be bound by the decision of the arbitrator unless the decision is overturned by a court.

5.   The arbitrator shall have power to rule on any appropriate pretrial motion.

6.   Any superior court order entered on a motion to confirm an order or award shall be subject to review by the appellate courts under applicable rules, and review, if granted, shall extend to the arbitration proceedings just as if the arbitration proceedings had occurred in superior court, subject to the power of the arbitrator to seal portions of the record.

7.   All proceedings before the arbitrator shall be confidential as provided in the agreement of the parties to arbitrate this case.

8.   The parties agree to request of all courts hearing an appeal of the award or order of the arbitration that any record of arbitration necessary for confirmation or review by the courts be sealed to the extent necessary to protect the confidentiality of matters of a private and intimate nature which would prove embarrassing or humiliating if revealed publicly.

9.   Judge Deierlein's powers shall include the powers conferred on arbitrators by RCW 7.04.110, and Judge Deierlein shall issue any subpoena requested by any party on a ex parte basis, but notice of such issuance shall be given to the opposing party after issuance on a timely basis.

STIPULATION AND AGREED ORDER OF
REFERENCE TO PRIVATE ARBITRATION— 2

85

EDWARDS, SIEH, WIGGINS & HATHAWAY, P.S.
ATTORNEYS AT LAW
6501 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON 98164
TELEPHONE (206) 624-0974

166

STIPULATED AND AGREED to this $22$ day of January, 1991.

EDWARDS, SIEH, WIGGINS & HATHAWAY

By _Charles K Sfigg_
Charles K. Wiggins, WSBA #6948
Attorneys for Plaintiff

STIPULATED AND AGREED to this 22nd day of January, 1991.

ROHAN, GOLDFARB & SHAPIRO

By _Robert J. Rohan_
Robert J. Rohan, WSBA #7744
Attorneys for Defendants

STIPULATION AND AGREED ORDER OF
REFERENCE TO PRIVATE ARBITRATION - 3

86

EDWARDS, SIEH, WIGGINS & HATHAWAY, P.S
ATTORNEYS AT LAW
5501 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 624 0974