[Nos. 33473-5-I; 33871-4-I.   Division One.   July 18, 1994.]

HERSCHELL H. BOYD, ET AL, *Respondents*, v. ANDREW P. DAVIS, ET AL, *Appellants*.

*Guy P. Michelson, David R. Goodnight,* and *Bogle & Gates,* for appellants.

*Harry H. Schneider, Traci A. Sammeth,* and *Perkins Coie,* for respondents.

WEBSTER, C.J. — Andrew P. Davis, M.D., appeals the court's order vacating an arbitration award alleging the

court erred in going beyond the face of the award to examine the merits of the dispute, and in awarding attorneys' fees. We agree.

## FACTS

This appeal arises out of the sale of Herschell H. Boyd, M.D.'s ophthalmological practice to Davis. Davis agreed to retain Boyd as an employee for 3 years to facilitate the transfer of patients. Boyd agreed to guarantee a $900,000 bank loan Davis needed to purchase the practice and to defer $900,000 of the purchase price for 3 years. On April 8, 1992, the parties' contract for the purchase and sale of the practice was memorialized through five simultaneously executed documents: an asset sale agreement, an employment agreement and covenant not to compete, a security agreement, a lease agreement, and an option agreement.

In November 1992, the parties began encountering difficulties and had disputes over insurance, accounting, and payment matters. In February 1993, Boyd filed a complaint in arbitration claiming that Davis had breached their agreements and sought rescission of all of their agreements. Davis counterclaimed for fraud, misrepresentation and breach of contract and sought to rescind only the employment agreement, covenant not to compete, and damages.

Under the arbitrator's final award, September 10, 1993:

1. The employment agreement and covenant not to compete was rendered null and void. The asset sale agreement, lease, option agreement and securities agreement were held to be valid and in full force and effect.

2. The noncompete note in the amount of $762,300, given to Boyd, became null and void.

3. Davis retained the assets of the practice and was awarded $525,030 in damages.

4. Boyd was awarded offsets of $114,125 for incentive compensation and $78,071 for advances/rent.

5. Davis was awarded attorneys' fees of $159,298.50 and costs of $19,804.59.

Boyd appealed and sought vacation of the arbitration award. The court below granted the motion to vacate, ruling "that the arbitrator had exceeded his power in granting piecemeal rescission [of the contract] and that it was causing substantial injustice to the parties. The Court determined that the parties had entered into a single contract which was not severable." All issues were remanded for rearbitration before a new arbitrator. The court denied Davis's motion for reconsideration and granted Boyd's motion for attorneys' fees.

## DISCUSSION

On appeal, Davis claims the court erred in vacating the arbitrator's award because it went beyond the face of the award and decided the merits of the case, *i.e.*, that the parties had entered into a single contract which was not severable. We determine whether the court below exceeded the scope of its review. At trial, the issue was whether the arbitrator had exceeded the arbitration powers by piecemeal rescission of the contract. RCW 7.04.160(4). Thus, the issue here is did the court redecide the merits of the case, or did it properly determine that the arbitrator had exceeded his powers as defined by the arbitration agreement.

"[A]rbitration in Washington is regulated by statute, and . . . superior court and appellate court review of an arbitration proceeding is controlled by RCW 7.04, which strictly limits review to the grounds contained in RCW 7.04.160-.170." *ML Park Place Corp. v. Hedreen*, 71 Wn. App. 727, 737-38, 862 P.2d 602 (1993). A superior court may only vacate, modify or correct an arbitrator's award under RCW 7.04.160(4) if the arbitrator has "exceeded [his] powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made."

An arbitrator's powers are defined and limited by the agreement to arbitrate, and the arbitration award must not exceed the powers established by the agreement. *ACF Property Mgt., Inc. v. Chaussee*, 69 Wn. App. 913, 919, 850 P.2d 1387, *review denied*, 122 Wn.2d 1019 (1993) (citing *Sul-*

*livan v. Great Am. Ins. Co.*, 23 Wn. App. 242, 246, 594 P.2d 454 (1979)); *Agnew v. Lacey Co-Ply*, 33 Wn. App. 283, 287, 654 P.2d 712 (1982), *review denied*, 99 Wn.2d 1006 (1983). " '[A]rbitrators, when acting under the authority granted them by both the agreement of the parties and the statutes, become the judges of both the law and the facts and, unless the award on its face shows adoption of an erroneous rule, or mistake in applying the law, the award will not be vacated or modified." *Cohen v. Graham*, 44 Wn. App. 712, 717, 722 P.2d 1388 (1986) (quoting *Kennewick Educ. Ass'n v. Kennewick Sch. Dist. 17*, 35 Wn. App. 280, 666 P.2d 928 (1983)), *review denied*, 107 Wn.2d 1033 (1987). "Because review of an arbitration award on the merits is not permitted, *Barnett v. Hicks*, 119 Wn.2d 151, 153, 829 P.2d 1087 (1992), a court's independent legal determination of arbitrability is limited to review of the arbitration clause, the contentions of the parties, and the face of the award itself." *ML Park Place Corp. v. Hedreen*, 71 Wn. App. at 738 ("[t]he evidence before the arbitrator will not be considered") (quoting *Westmark Properties, Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989)).

Courts do not review facts and do not apply or determine the validity of the provisions of the subject contract, except as necessary to determine the powers of the arbitrator. *ML Park Place Corp.*, at 740 ("the arbitration clause in the joint venture agreement evince[d] no intent to exclude such [counterclaim]" from arbitration); *Westmark Properties*, 53 Wn. App. at 404 (since the court "was foreclosed from going behind the face of award, it has no basis for determining whether the amount awarded met the test for prejudgment interest; this was part of the merits of the controversy, forbidden territory"); *Kennewick Educ. Ass'n*, 35 Wn. App. at 282 (an arbitrator has no power to make an award of punitive damages in contravention of public policy; any greater authority granted by contract is invalid as against public policy); *Agnew v. Lacey Co-Ply*, 33 Wn. App. at 288 (arbitration provisions of the contract compelled arbitrator to award attorneys' fees).

■ Here, it is undisputed that the controversy was subject to arbitration and the arbitration clauses of the sale and employment agreements utilizing essentially identical language contain no exclusion of any sort; in fact they are broad and inclusive, requiring arbitration of "[a]ny claim or controversy arising out of or relating to this Agreement". Boyd, like McGuire in *Westmark*, approaches the matter exactly as would a party making a detailed and sophisticated attack on findings of fact and conclusions of law following a superior court trial. This approach reflects a misconception of the nature of arbitration and the role of the court in the arbitration process. "The very purpose of arbitration is to avoid the courts. It is designed to settle controversies, not to serve as a prelude to litigation." *Westmark Properties*, at 402. "Judicial scrutiny of an arbitration award is strictly limited; courts will not review an arbitrator's decision on the merits." *Westmark Properties*, at 402.

■ Limiting our review to the arbitration award and the contentions of the parties in arbitration, we find that the trial court improperly accepted Boyd's invitation to examine the merits of the dispute. In its oral ruling the court stated that it had considered all of the materials submitted by Boyd, which included the contracts, arbitration exhibits, and affidavits obtained after arbitration.[1] The trial court did not state that it found an error on the face of the award. Rather, in ruling "that the arbitrator had exceeded his power in granting piecemeal rescission [of the contract]" the court went beyond the face of the award and independently interpreted the provisions of the contracts and contractual intent of the parties. The court improperly determined that the parties had entered into a single contract which was not severable. This a court may not do. *ML Park Place*, 71 Wn. App. at 738 (citing *Westmark Properties*, 53 Wn. App. at 402). Since an arbitrator has wide latitude in fashioning an appropriate remedy, *Endicott Educ. Ass'n v. Endicott Sch. Dist. 308*, 43 Wn. App. 392, 395, 717 P.2d 763 (1986), and

---

[1]See Dec. of David M. Williamson (Sept. 14, 1993) (contracts attached); Mot. to Vacate (Sept. 14, 1993), with 19 appendices.

the arbitrator acted within his authority under the agreement to arbitrate, we find that the arbitrator did not exceed his powers and the trial court exceeded the scope of its review and authority in vacating the arbitration award.[2]

We reverse and remand with instruction to reinstate the arbitration award, and award Davis attorneys' fees and costs for all proceedings before the trial court and on appeal, pursuant to the terms of the asset sale agreement, para. 20, and RAP 18.1.

COLEMAN and AGID, JJ., concur.

Reconsideration denied September 12, 1994.

Review granted at 125 Wn.2d 1014 (1995).

---

[2]Since we reverse and remand with instructions we do not address whether the court abused its discretion in ordering rearbitration before a new arbitrator.