[No. 35241-5-I.    Division One.    April 15, 1996.]

CLINE PRICE, *Respondent*, v. FARMERS INSURANCE COMPANY OF WASHINGTON, *Appellant*.

---

*Sidney R. Snyder, Jr.*, and *Merrick, Hofstedt & Lindsey*, for appellant.

*David M. Beninger* and *Paul N. Luvera & Associates*; and *Douglass A. North* and *Maltman, Reed, North, Ahrens & Malnati, P.S.*, for respondent.

COLEMAN, J. — In this case, this court is asked to decide

whether an insurer may offset amounts it paid its insured as personal injury protection (PIP) benefits against amounts payable to the insured under an underinsured motorist (UIM) endorsement. We find that the insurance policy at issue here contains an unambiguous reimbursement clause that permits the insurer an offset. Accordingly, we reverse and remand.

Cline Price was injured in an automobile accident on March 30, 1991. He carried automobile insurance, with both PIP and UIM coverage, through Farmers Insurance Company of Washington. Farmers paid $24,339 in PIP benefits to cover Price's medical bills and lost wages. Price subsequently settled with the City of Concrete for $5,000 and with the tortfeasor's liability carrier for that policy's limit of $208,415.[1] Price requested additional compensation from Farmers under his UIM coverage. The parties did not agree on the amount of UIM compensation, and the issue was submitted to arbitration. The arbitrators reported that "[t]he award in the above–referenced matter was $275,000 with [one of the arbitrators] dissenting."

Price sought confirmation of the arbitration award in the Skagit County Superior Court, arguing that Farmers owed him $66,585 in UIM benefits, the difference between the arbitration award and the settlement received under the tortfeasor's policy.[2] Farmers argued that the insurance policy allowed it to reduce the UIM amount by the amount of PIP benefits it had previously paid to Price. The policy contained the following provision (Right to Recover clause) in the section entitled "Conditions":

**Our Right to Recover Payment**

When a person has been paid **damages** by us under this policy and also recovers from another, we shall be reimbursed

---

[1]The tortfeasor had a Canadian liability policy. The amount reached upon settlement represents the limits of that policy converted to United States funds.

[2]Neither party argued that the settlement with the City of Concrete factored into this calculation.

to the extent of our payment after that person has been fully compensated for his or her loss.

The trial court ruled that the insurance policy did not allow an offset of PIP payments against UIM coverage and confirmed the arbitration award. Farmers' motion for reconsideration on this issue was denied.

■ The sole issue presented on appeal is whether the Right to Recover clause allows Farmers to offset PIP benefits against UIM benefits. When an insurance contract providing both PIP and UIM coverage does not include a clause allowing the insurer to offset PIP payments against UIM coverage, the contract contemplates that the insurer will make both payments without offset. When an insurance contract contains such a clause, that provision is given effect to the extent that the insured remains fully compensated for his or her damages. *See Barney v. Safeco Ins. Co. of Am.*, 73 Wn. App. 426, 430–31, 869 P.2d 1093 (1994).

In *Keenan v. Industrial Indem. Ins. Co. of the Northwest*, 108 Wn.2d 314, 738 P.2d 270 (1987), our Supreme Court considered the following provision, which appeared in the PIP portion of the insurance policy, as an offset clause:

Our Right To Recover Payment

. . .

2. If we [the insurer] make a payment under this [PIP] coverage and the person to or for whom payment is made recovers damages from another, that person shall reimburse us to the extent of our payment.

*Keenan*, 108 Wn.2d at 316. At issue in that case was the enforceability of the provision. The court held that it was enforceable and that it permitted the insurer to offset PIP amounts paid against UIM coverage as long as the offset would not deprive the insured of being made whole. *Keenan*, 108 Wn.2d at 317.

■ Price argues that the Right to Recover clause in his insurance contract, unlike the provision in *Keenan*, is ambiguous and must be interpreted against Farmers to deny an offset here. The ambiguity arises, Price contends, because the clause could be read to require the compensation making the insured whole to come solely from a third party, or it could be interpreted as allowing full compensation to be made jointly by a third party and the injured party's UIM coverage. We fail to find any ambiguity in the clause. A plain reading of the provision reveals a focus on the extent to which the insured has been compensated and whether the insured has received compensation from a third party. It hints at no limitation in cases in which the insured's loss is also compensated by UIM coverage. When contract terms are clear and unambiguous, the reviewing court must effectuate their meaning. *Barney*, 73 Wn. App. at 429.

We note that the structure and language of the current policy provide even greater support for this construction than the policy in *Keenan*. In that case, the offset clause was included in the PIP portion of the policy and referred to that coverage alone. Here, in contrast, the offset provision appears in the section conditioning the entire policy, and the provision does not mention specific coverages within that policy. As in *Keenan*, the Right to Recover clause in the present case operates as an offset clause, allowing Farmers to offset PIP benefits paid against UIM amounts owed.

■ After all the briefs on appeal had been submitted, Price filed a RAP 9.11(a) motion asking this court to consider his prehearing arbitration statement as additional evidence of the scope of the arbitration award. In assessing whether an arbitration award determined the insured's total damages, however, the reviewing court must look no further than the face of the award. *See, e.g., Boyd v. Davis*, 75 Wn. App. 23, 25–26, 876 P.2d 478 (1994), *aff'd*, 127 Wn.2d 256 (1995). Price acknowledged this point at oral argument; his motion is denied.

The arbitration award announced the amount of Price's damages. It is reasonable to assume that it covered his total damages. In fact, in his respondent's brief, Price himself characterized the arbitration award as a determination of his total damages. Brief of Respondent, at 1. We conclude that the award represents Price's total damages and, therefore, Farmers is entitled to offset its UIM payment with PIP payments made.

Price's request for attorney fees is denied because he does not prevail on appeal.

Price's motion for additional evidence is denied. The decision of the superior court confirming the arbitration award is reversed and the case is remanded for disposition consistent with this opinion.

GROSSE and ELLINGTON, JJ., concur.

Reconsideration denied May 22, 1996.

Review granted at 130 Wn.2d 1007 (1996).