ardy attaches constitutes a waiver of that challenge.[18] The court then proceeded to outline those situations in which the facts of particular cases may call for different rules.[19] None of those situations includes the case where the court has included in its instructions surplusage of the type included here. Thus, *Dent* rejects the approach in *Hobbs*. Hickman's reliance on *Hobbs* is therefore misplaced.

The State's lack of proof of venue here does not warrant reversal of Hickman's conviction because venue had nothing to do with the act that constituted the crime. So long as a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, we must sustain a conviction against a challenge to the sufficiency of the evidence.[20] Here, there is no claim that there is insufficient evidence of the statutory elements of the crime of insurance fraud. Moreover, there is no question that the crime was committed in the state of Washington.

We affirm the judgment and sentence.

COLEMAN and GROSSE, JJ., concur.

Review granted at 132 Wn.2d 1006 (1997).

[No. 36673-4-I. Division One. January 21, 1997.]
DENISE BRACKETT WOODLEY, *Respondent,* v. SAFECO INSURANCE COMPANY, *Appellant.*

The opinion in the above captioned case, which appeared in the advance sheets at 84 Wn. App. 653-63, will not be published in this permanent bound volume pursuant to an order of the Court of Appeals dated March 23, 1998, vacating the opinion and withdrawing it from publication. See 89 Wn. App. 1063.

---

[18]*Dent*, 123 Wn.2d at 480.

[19]*Dent*, 123 Wn.2d at 480-81.

[20]*State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).