929 P.2d 1150 (1997)
84 Wash.App. 653
Denise Brackett WOODLEY, Respondent,
v.
SAFECO INSURANCE COMPANY, Appellant.
No. 36673-4-I.
Court of Appeals of Washington, Division 1.
January 21, 1997.
*1151 J. Robert Leach, Everett, for Appellant.
Gordon Arthur Woodley, Woodley Law Offices, Bellevue, for Respondent.
ELLINGTON, Judge.
Denise Woodley and Safeco Insurance Company arbitrated UIM coverage for damages she incurred when she was struck by an underinsured motorist. The arbitration panel awarded Woodley $450,000 in "total damages." The court confirmed the award, offset by $300,000 Woodley received from the tortfeasor. Safeco argues that the court erred by not further offsetting the award by $56,435 paid under the medical payments and personal injury protection (PIP) provisions of the policy. Safeco contends that absent these deductions, Woodley will receive a double recovery. We reverse, finding that the arbitrators awarded total compensation and that Safeco is entitled to the deductions because they were authorized by the policy and because their allowance will not deprive Woodley of full compensation.

Facts
Denise Woodley was injured in a motor vehicle accident caused by a negligent driver whose liability insurance had a $300,000 limit. Safeco had paid Woodley $56,435 under medical and personal injury provisions of her policy. Woodley later claimed total damages exceeding $2 million, and demanded payment of her $1 million UIM coverage maximum, or arbitration under the policy. Her demand letter recited that her damages included "net economic loss[es]" of $1.2 million and "non-economic losses" that "easily exceeded" $800,000.[1] Her letter did not purport to remove past medical expenses or wage loss from the arbitration. Nor did the policy's arbitration clause exclude medical expenses or past wage losses from the arbitration. Rather, the clause authorized the arbitration of disputed damages: *1152 If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle or do not agree as to the amount of damages, the dispute shall be resolved by arbitration. Arbitration shall begin upon a written demand from either party.
The parties agreed that Woodley was not at fault, but disagreed as to the amount of damages.
At the arbitration hearing, Woodley submitted evidence of past medical expenses totaling over $20,000, past wage loss in the range of $130,000 to $165,000, and claimed future lost income. The panel awarded Woodley $450,000 in "total damages." In full, the award recites:
We, the undersigned arbitrators, hereby find Denise Brackett Woodley is entitled to an award of damages as the result of the motor vehicle accident of July 17, 1991, and that Denise Brackett Woodley's total damages caused by the accident of July 17, 1991 are in the sum of Four Hundred Fifty Thousand Dollars ($450,000). [Emphasis added].
The day after the arbitrators' decision, Safeco informed Woodley that it intended to offset the award with the $300,000 payment from the tortfeasor's insurance company and with the $56,435 that Safeco had paid under the medical and PIP provisions of Woodley's policy. These proposed deductions were expressly authorized by Woodley's policy. The UIM section authorized offsets for payments received from the tortfeasor, and the medical and PIP sections authorized offsets for payments made under these sections from any subsequent UIM award.[2] Safeco asked Woodley to respond if she disagreed with these offsets. More than one week later, having heard nothing from Woodley, Safeco tendered to Woodley a $93,000 check, representing the amount of the award less the offsets. The letter that accompanied this check noted her previous lack of response and again requested Woodley to respond if she disputed the offsets. She did not respond.
Woodley filed her motion to confirm the award nearly five months later. She did not dispute the $300,000 deduction for the tortfeasor's direct payment, but did dispute the $56,435 medical and PIP payment deductions, contending that the arbitrators had awarded her only general damages and future wage loss. In support of her motion, she declared that she did not ask the arbitrators to compensate her for the medical and PIP damages. Her attorney, who had not represented her at the arbitration, declared that "[t]here was no request for these paid and resolved PIP amounts to be awarded[.]"
In response to Woodley's motion, Safeco's counsel filed a declaration attaching the evidence of medical expenses and lost wages that Woodley submitted to the arbitrators. Counsel also declared that the arbitrators were not provided any information concerning the medical and PIP payments, nor asked to resolve questions of offsets.
In rebuttal, Woodley contended that the evidence of medical damages and wage loss was presented to the arbitrators not so they would award those damages, but so the arbitrators would "gain a greater appreciation of what would be an appropriate general damages award[.]"
*1153 When confirming the award, the court allowed the undisputed $300,000 offset but denied Safeco's claims for medical and PIP offsets without comment.

Discussion
The key question here is whether the court erred in failing to deduct previously paid medical and PIP amounts from the arbitrator's award of "total damages." Offsetting clauses contained in insurance policies are generally enforceable so long as their application does not deprive the insured of full compensation. Keenan v. Indust. Indem., 108 Wash.2d 314, 317-22, 738 P.2d 270 (1987). We must therefore determine whether these particular clauses are enforceable and whether their enforcement would deprive Woodley of full compensation.

Standard of Review
As a threshold matter we must determine the appropriate standard of review. We know of no case squarely addressing the standard in the context of review of a confirmation order under RCW 7.04.150, which provides that the court must confirm the award if no grounds exist to vacate, modify or correct the award. Instead, the cases note that a trial court's review of arbitration awards derives from and is "restricted" or "limited" by statute. See, e.g., Barnett v. Hicks, 119 Wash.2d 151, 153-54, 157, 829 P.2d 1087 (1992); Dayton v. Farmers Ins. Group, 124 Wash.2d 277, 279-80, 876 P.2d 896 (1994); Boyd v. Davis, 127 Wash.2d 256, 259, 897 P.2d 1239 (1995). These cases generally reinforce the notion that the reviewing court is not empowered to re-try the case de novo or to examine the merits of the award. See, e.g., Boyd, 127 Wash.2d at 263, 897 P.2d 1239; Barnett, 119 Wash.2d at 157, 829 P.2d 1087. See RCW 7.04.150, 170.
In light of these restrictions, Woodley argues that we should review the lower court's confirmation ruling only for an abuse of discretion. We conclude, however, that the statutory constrictions placed on the lower court dictate that our review should be de novo in these circumstances, because no discretion was permitted to the trial court.
The statute directs the court to confirm the award unless it is beyond the jurisdiction of the court, or is subject to vacation, modification, or correction. See RCW 7.04.150. Absent a statutory basis to vacate, modify, or correct the award, the lower court has no discretion to do anything but confirm the award. See Barnett, 119 Wash.2d at 157, 829 P.2d 1087. No statutory basis for vacation, modification, or correction was asserted here. Thus, the proper application of the confirmation statute was a question of law, which we review de novo. See, e.g., Friends of the Law v. King Cnty., 123 Wash.2d 518, 523, 869 P.2d 1056 (1994).
A court confirming an award has authority to reduce its amount by legally available offsets. Price v. Farmers Ins. Co., 82 Wash.App. 20, 24-25, 916 P.2d 949 (1996); see also Fortin v. State Farm Mut. Auto. Ins. Co., 82 Wash.App. 74, 81-82, 914 P.2d 1209 (1996). Woodley argues that Safeco's claimed offsets are not legally available because neither the law nor the insurance policy authorizes them, and because even if they were authorized, their application would leave her uncompensated.
Woodley first argues that the offsets are legally impermissible because the Legislature has explicitly authorized offsets only for moneys received from the tortfeasor. See RCW 48.22.030(3). That argument, however, has already been decided against Woodley. In Keenan v. Indust. Indem., 108 Wash.2d 314, 317-22, 738 P.2d 270 (1987), our Supreme Court held that an insurer can offset a UIM award with paid PIP amounts so long as the offsets are authorized by the policy and the insured remains fully compensated.
Woodley attempts to distinguish Keenan by arguing that her policy does not permit such offsets, because while the medical damages and PIP sections of the policy state that any payments made under them can be applied against a UIM award, the UIM section itself does not contain a medical or PIP offset clause. The same situation existed in Keenan, however, so this factor does not assist Woodley. Keenan, 108 Wash.2d at 316, 738 P.2d 270. There is no reason to depart from *1154 Keenan here. The offsets are legally permissible.

Issues Submitted to the Arbitrators
The next question is whether allowing the offsets will deprive Woodley of full compensation. Safeco bears the burden of demonstrating otherwise. See Brown v. Snohomish Cnty. Physicians Corp., 120 Wash.2d 747, 758-59, 845 P.2d 334 (1993). This determination depends upon whether the arbitrators' authority, and their award, encompassed issues of past medical and wage loss. As the court stated in Sullivan v. Great American Insurance, 23 Wash.App. 242, 246, 594 P.2d 454 (1979): "An agreement for the submission of a dispute to arbitration defines and limits the issues to be decided. The authority of the arbitrator is wholly dependent upon the terms of the agreement of submission."
Both parties contend that the determination of what issues were submitted to the arbitrators should be made from the face of the award. This proposition is largely correct, as conceded by a party in one of our recent decisions. See Price, 82 Wash.App. at 24, 916 P.2d 949. Where the face of the award is unclear, however, the court can review the arbitration agreement, the arbitration demand, and any formal charge to the arbitrator. See ML Park Place Corp. v. Hedreen, 71 Wash.App. 727, 739, 862 P.2d 602 (1993), rev. denied, 124 Wash.2d 1005, 877 P.2d 1288 (1994); ACF Prop. Mgmt., Inc. v. Chaussee, 69 Wash.App. 913, 919-20, 850 P.2d 1387, rev. denied, 122 Wash.2d 1019, 863 P.2d 1353 (1993); see Boyd, 127 Wash.2d at 260, 897 P.2d 1239. This review does not invade the province of the arbitrators to decide the merits of the issues, and so is not an improper penetration of the arbitration process. See Westmark Properties, Inc. v. McGuire, 53 Wash.App. 400, 402, 766 P.2d 1146 (1989).
Here, in spite of their focus on the face of the award, both parties submitted declarations outlining the evidence submitted to the arbitrators. We have not relied on this evidence, because to do so is to put courts in the untenable position of invading the arbitration process itself. For example, the parties invite us to examine the purpose for which specified evidence was submitted to and used by the arbitrators. This is in direct conflict with the long-standing prohibition against review of an award on the merits. See Barnett v. Hicks, 119 Wash.2d 151, 153, 829 P.2d 1087 (1992). Determination of whether an issue was submitted to arbitrators must be made from the face of the award considered in light of the arbitration agreement, the demand, and any documents reflecting the charge to the arbitrators.

Woodley Was Fully Compensated
Here, the award itself unambiguously states that the arbitrators awarded "total damages caused by the accident." In harmony with Keenan, this court has held where the arbitrators have awarded total damages, a reimbursement clause allows an insurer to offset paid PIP benefits against UIM amounts owed. Price, 82 Wash.App. at 24, 916 P.2d 949. In Price, the court found that an arbitrator's award of "damages" constituted total damages, partly because the insured so described it. Woodley points out that she has not made a similar concession, and categorizes her award as one of "UIM total damages" and not "UIM and PIP total damages." Woodley would effectively rewrite the arbitration award to read "total general damages and future lost earning damages but not medical damages or past wage loss damages." The plain language of the award does not permit such a result. On its face, the award compensated Woodley for her entire damages, including medical payments and lost earnings.
Even if the face of the award were an insufficient basis for this determination, an examination of the other documents leads to the same result. The arbitration clause speaks only of "damages" and does not purport to exclude medical or PIP damages. Woodley articulates no meaningful difference between UIM bodily injury damages and PIP bodily injury damages in the context of this case. At oral argument, Woodley suggested that PIP damages were distinguishable in that they were recoverable regardless of fault. But this distinction is irrelevant *1155 here because fault was never disputed. Safeco agreed that the underinsured motorist was solely at fault. Under these circumstances, the two coverages converge, and the PIP reimbursement clause controls. See generally, Keenan, 108 Wash.2d at 322, 738 P.2d 270. There is no basis to conclude that the arbitration clause limited the arbitrators' authority regarding the scope of damages. Nor does Woodley's demand letter purport to exclude medical damages and past wage losses from the arbitration. Instead, that letter only broadly refers to economic and non-economic damages.
We conclude that the arbitration clause, Woodley's demand, and most importantly the award itself, all demonstrate that the arbitration award was not limited to general damages and future wage loss. We therefore hold that Safeco met its burden of proving that Woodley will remain fully compensated after the proposed offsets.
Woodley finally argues that Safeco is not entitled to deductions because it delayed its disclosure that it would seek them. The deductions are authorized by the policy, and Safeco asserted its right to the deductions the day after receiving the award. Woodley offers no explanation as to how she was prejudiced by the timing of this disclosure. We can discern neither waiver by Safeco nor prejudice to Woodley in the timing.
We therefore reverse the court's ruling denying Safeco the contested offsets, and remand for entry of an order consistent herewith.[3]
GROSSE and COX, JJ., concur.
NOTES
[1] In pertinent part, the demand letter recites:

The materials that we recently sent you document that the middle range of Ms. Woodley's net economic loss, reduced to present value, is $1,210,046. This does not include property damage. Adding in her non-economic losses, Ms. Woodley's total damages will easily exceed $2 million.
... [I]t is clear that [the tortfeasor] is underinsured for the losses sustained....
We are therefore making demand for payment by Safeco of Ms. Woodley's UIM policy limit, which we understand to be $1,000,000....
If Safeco is unwilling to promptly pay this amount, then we herewith demand arbitration pursuant to Part C of Ms. Woodley's Safeco policy.
[2] The UIM section recites:

Any amounts otherwise payable for damages which the covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury caused by an accident shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under the Liability Coverage of this policy.
The section on medical payments coverage recites:
Any payment made under this coverage shall be applied toward any settlement or judgment the injured person receives under any Liability or Underinsured Motorists Coverage provided by this policy.
Similarly, the PIP section recites:
Any payment made under this optional coverage to a covered person shall be applied toward any settlement or award the injured person receives under any Liability or Underinsured Motorists Coverage provided by this policy. However, if the Liability or Underinsured Motorists Coverage limits are exhausted, insurance provided by this coverage may be applied as excess insurance.
[3] Because of our analysis on the above issue, we need not reach Safeco's alternative argument that Woodley is estopped from contesting the deductions.