[Nos. 23549-8-II; 23812-8-II.   Division Two.   May 28, 1999.]

DEXTER A. SILVER, *Respondent*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant*.

*Todd & Wakefield*, by *Robert Alex Mannheimer*, for appellant.

*Troup, Christnacht, Ladenburg, McKasy & Durkins, Inc., P.S.*, by *Michael J. McKasy*, for respondent.

BRIDGEWATER, C.J. — State Farm Mutual Automobile Insurance Company appeals a declaratory judgment entered against it for $10,000, the amount State Farm withheld from an arbitration award payment as offset for PIP payments to its insured. We reverse.

On August 11, 1994, Dexter A. Silver was involved in an automobile accident. Because the driver of the other car was uninsured, Silver sought coverage for his injuries from his own insurance company, State Farm, under the underinsured motorist (UIM) and personal injury protection (PIP) provisions.

Silver and State Farm could not agree on the value of his UIM claim and, therefore, under the UIM provision of the

policy,[1] the parties submitted the issue to arbitration. On May 27, 1997, the arbitrator awarded a total of $55,000 to Silver, which included $10,000 in medical special damages, $40,000 in general damages, and $5,000 for loss of consortium.

On June 3, 1997, State Farm sent Silver's attorney a check for $45,000, which was the total award, minus $10,000 for the PIP offset for medical specials already paid to Silver. State Farm claimed the right to offset this amount under the terms of the policy.[2]

Nearly one year later, on May 27, 1998, Silver filed a motion to confirm the arbitration award and a request for entry of judgment against State Farm for the remaining $10,000. On June 19, 1998, the superior court entered an order confirming the arbitration award and ordered judgment against State Farm for $10,000. State Farm appealed the judgment and order and filed a motion for reconsideration. The motion for reconsideration was denied and State Farm subsequently appealed that order, too. The two appeals have been consolidated for our review.

█ State Farm argues that the trial court was correct to confirm the arbitration award, but erred by entering judgment for $10,000 against State Farm while this amount was in dispute. Silver concedes that State Farm paid him $10,000 in PIP benefits, but contends that the trial court

---

[1]The UIM provision states:

**Deciding Fault and Amount**

Two questions must be decided by agreement between the *insured* and us:

1. Is the *insured* legally entitled to collect damages from the owner or driver of the *underinsured motor vehicle*; and

2. If so, in what amount?

If there is no agreement, these questions shall be decided by arbitration upon written request of the *insured* or us. . . . The written decision of any two arbitrators shall be binding on each party.

[2]The policy provides: "Any amount paid or payable for damages under the first party benefits coverage will not be paid again as damages under this coverage. This does not reduce the limits of liability of this coverage."

was required by the arbitration statute to confirm the award and reduce it to judgment and that any claim for offset must be brought as a declaratory judgment action under the court's general jurisdiction. Both State Farm and Silver rely exclusively on *Price v. Farmers Ins. Co.*, 133 Wn.2d 490, 946 P.2d 388 (1997), for support of their conflicting positions.

*Price*, like this case, involved a dispute over UIM benefits for injuries sustained in an automobile accident. Price settled with the tortfeasor for the limits of his policy, $208,415; $5,000 from the city; and $24,339 in PIP benefits from his own insurance company, Farmers Insurance. *Price v. Farmers Ins. Co.*, 82 Wn. App. 20, 22, 916 P.2d 949 (1996). However, Price, claiming that his actual damages exceeded the limits of the tortfeasor's policy, sought a further award under his UIM coverage. Farmers and Price were unable to agree on the amount of damages sustained and therefore submitted the matter to arbitration pursuant to the arbitration provision of their policy. Ultimately, an arbitration award for $275,000 was entered. *Price*, 82 Wn. App. at 22. Price sought confirmation of the arbitration award in superior court, arguing that Farmers owed him $66,585 in UIM benefits, the difference between the arbitration award and the settlement received under the tortfeasor's policy. *Price*, 82 Wn. App. at 22. Farmers argued that the insurance policy allowed it to reduce the UIM amount by the amount of PIP benefits it had previously paid to Price. The trial court ruled that the insurance policy did not allow an offset of PIP payments against UIM coverage and confirmed the award. *Price*, 82 Wn. App. at 22. The Court of Appeals, Division One, held that the policy did allow an offset and reversed. *Price*, 82 Wn. App. at 24. The Supreme Court reversed the Court of Appeals, holding that the superior court and appellate court lacked jurisdiction to decide the setoff question and that the parties were required to resolve the setoff question by agreement or separate action. *Price*, 133 Wn.2d at 501-02. Reversing several prior cases, the Supreme Court explained that the superior court's jurisdiction in a confirmation proceeding is "limited by the charge

to the arbitrators (which usually excludes coverage questions)." *Price*, 133 Wn.2d at 500. Thus, the court explained,

> the question still remains what is the appropriate procedure to be undertaken by the confirming court when the amount of the proposed money judgment is a matter of dispute between the parties because of considerations extraneous to the agreed submittal to the arbitrators. . . . [T]he court should confirm in declaratory judgment form the result of the arbitration (here the total damages incurred) as well as such other matters as agreed by the parties; and only then render monetary judgment thereon to the extent same may be determined absent resolution of relevant disputed coverage issues beyond the scope of the arbitrators' jurisdiction. It is the burden of the insurer to demonstrate there is a further coverage dispute which would prevent full resolution of all issues at this point. . . . Thereafter the parties must either resolve the remaining PIP offset coverage dispute by agreement or commence a separate action under the superior court's general jurisdiction to determine the amount and propriety of the claimed PIP offset and enter the corresponding monetary judgment.

*Price*, 133 Wn.2d at 501-02 (citations omitted).

Following *Price*, there is a dispute over State Farm's entitlement to an offset for PIP benefits. This exceeds the scope of the arbitrator's judgment, which was limited to deciding fault and amount. According to *Price*, in the confirmation action the superior court may only confirm the arbitration award and may not enter judgment because this involves a dispute that must be addressed in a separate declaratory judgment action.

In this case, the result is clear. Of the $55,000 (which could have formed the confirmation award), State Farm had paid all but $10,000. The affidavit of Silver's attorney, which accompanied the motion to confirm, set forth the dispute over the PIP payments. Also, that the confirmation award was only in the amount of $10,000, not the $55,000 as awarded by the arbitration, was sufficient to alert the superior court that there was a dispute. Thus, the insurer

demonstrated that there was a dispute that would prevent full resolution of all issues.

The superior court erred by entering judgment for the $10,000, which was the subject of dispute. We therefore reverse this judgment, together with the court's denial of State Farm's motion for reconsideration.

Reversed.

ARMSTRONG and HUNT, JJ., concur.